USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/20/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KWAINE THOMPSON,<br><br>                    Plaintiff,<br><br>-against-<br><br><br>LEMON et al.,<br><br><br>                    Defendants. | 23-CV-2102 (JPO) (KHP)<br><br>**ORDER** |

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

The Court is in receipt of Plaintiff's letter dated February 5, 2025. (ECF No. 101.) Plaintiff's deadline to file his opposition to Defendant's motion to dismiss is **April 14, 2025**. Plaintiff requested that Sami Elamad, Plaintiff's former pro bono counsel be appointed to represent him for the purposes of opposing Defendant's anticipated motion to dismiss.

### DISCUSSION

In civil cases, courts may, in their discretion, request that an attorney volunteer to represent an indigent litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). Courts must make such requests sparingly and with reference to public benefit in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co.*, Inc., 877 F.2d 170, 172-73 (2d Cir. 1989). As a threshold matter, the litigant must demonstrate that they are indigent, meaning they do not have the resources to pay for a lawyer themselves, and the court must find that the litigant's claim "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). The Court should also consider other factors, including the indigent's ability to

investigate the crucial facts, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason why appointment of counsel would be more likely to lead to a just determination. *Id.*

On February 28, 2024, Petitioner was granted IFP status in the present case. (ECF No. 4.) Thus, the Court concludes that Plaintiff is indigent. However, Mr. Elamad previously represented Plaintiff in this case for the limited purpose of filing an amended complaint and that limited representation has concluded. At this time, the Court has not fully evaluated the motion to dismiss and complexity of the legal issues and therefore finds that Plaintiff's request is premature.

## CONCLUSION

Accordingly, Plaintiff's request that pro bono counsel be appointed to represent Plaintiff is denied without prejudice.

**The Clerk of Court is requested to mail a copy of this order to the Plaintiff.**

Dated: February 20, 2025
New York, New York

SO ORDERED.

_____
KATHARINE H. PARKER
United States Magistrate Judge