23 Civ. 2102 (JPO) (KHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWAINE THOMPSON,

Plaintiff,

- against -

THE CITY OF NEW YORK, et al.,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF NEW YORK'S MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Gregory Accarino*
*Tel: (212) 356-1945*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ......................................................................................................... iii

PRELIMINARY STATEMENT ....................................................................................................... 1

PROCEDURAL HISTORY................................................................................................................. 1

STANDARD OF LAW..................................................................................................................... 3

ARGUMENT

       POINT I

            PLAINTIFF BLATANTLY VIOLATED THE
            COURT'S APRIL 29, 2024 ORDER BY
            BRINGING CLAIMS AGAINST MULTIPLE
            INDIVIDUALS FROM SEPARATE DOC
            FACILITIES AND THEREFORE HIS AMENDED
            COMPLAINT SHOULD BE DISMISSED IN ITS
            ENTIRETY ............................................................................ 6

       POINT II

            PLAINTIFF IMPROPERLY RELIES ON
            COLLECTIVE OR "GROUP" PLEADING ............................................... 7

       POINT III

            PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE
            THE PERSONAL INVOLVEMENT OF TEN
            INDIVIDUAL DEFENDANTS: MAGINLEY-
            LIDDIE, COLLINS; GUAN, LOPEZ,
            ROLLINSON, PALMERO, LEMON, LEITCH,
            MARDEN, AND GRAVES..................................................... 10

       POINT IV

            TO THE EXTENT ANY OF PLAINTIFF'S
            CLAIMS ARISE FROM ALLEGATIONS
            CONTAINED IN PARAGRAPHS 39 THROUGH
            53, SUCH CLAIMS ARE TIME-BARRED ........................................... 12

**Page**

POINT V

      PLAINTIFF FAILS TO STATE A CLAIM
      AGAINST THE CITY OF NEW YORK FOR
      MUNICIPAL LIABILITY ........................................................................ 12

POINT VI

      PLAINTIFF'S CLAIMS BROUGHT UNDER NEW
      YORK STATE LAW AND NEW YORK CITY
      LAW ALL FAIL ...................................................................................... 17

      A.  Plaintiff Failed to Plead Compliance with
          General Municipal Law ...................................................... 17

      B.  Plaintiff's Claims Under New York State Law
          and New York City Law Fail for Other Reasons ............................. 19

CONCLUSION ......................................................................................................... 20

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                              **Pages**

*In re Aluminum Warehousing Antitrust Litig.*,
   833 F.3d 151 (2d Cir. 2016)................................................................................................4

*Amnesty Am. v. Town of W. Hartford*,
   361 F.3d 113 (2d Cir. 2004)..............................................................................................13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)......................................................................................................4, 15

*Atuahene v. City of Hartford*,
   10 F. App'x 33 (2d Cir. 2001) .........................................................................................7, 9

*Bd. of County Comm'rs v. Brown*,
   520 U.S. 397 (1997).........................................................................................................17

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................................................4

*Bouche v. City of Mount Vernon*,
   2012 U.S. Dist. LEXIS 40246, 2012 WL 987592
   (S.D.N.Y. Mar. 23, 2012) ...............................................................................................9-10

*Brass v. American Film Technologies, Inc.*,
   987 F.2d 142 (2d Cir. 1993).................................................................................................5

*Buari v. City of New York*,
   530 F. Supp. 3d 356
   (S.D.N.Y Mar. 30, 2021) ..................................................................................................13

*Cash v. County of Erie*,
   654 F.3d 324 (2d Cir. 2011)..............................................................................................16

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002)................................................................................................5

*City of Canton v. Harris*,
   489 U.S. 378 (1989).....................................................................................................13, 14

*Connick v. Thompson*,
   563 U.S. 51 (2011)............................................................................................................16

*Cooper v. City of New York*,
   No. 17-CV-1517 (NGG) (RLM), 2019 U.S. Dist. LEXIS 131572,
   2019 WL 3642996 (E.D.N.Y. Aug. 5, 2019)......................................................................9

**Cases**                                                    **Pages**

*Cuevas v. City of New York*,
   No. 07-CV-4169 (LAP), 2009 U.S. Dist. LEXIS 114984
   (S.D.N.Y. Dec. 7, 2009).....................................................................................15

*Da Mata v. City of New York*,
   No. 21-CV-155 (KPF), 2023 U.S. Dist. LEXIS 2133,
   2023 WL 112449 (S.D.N.Y. Jan. 5, 2023) ..........................................................18

*DiPippo v. County of Putnam*,
   No. 17-CV-7948 (NSR) 2019 U.S. Dist. LEXIS 33071,
   2019 WL 1004152 (S.D.N.Y. Feb. 28, 2019)..........................................................7

*Dunkelberger v. Dunkelberger*,
   No. 14-CV-3877 (KMK), 2015 U.S. Dist. LEXIS 133814
   (S.D.N.Y. Sept. 30, 2015)......................................................................................5

*In re Elevator Antitrust Litig.*,
   502 F.3d 47 (2d Cir. 2007).....................................................................................4

*Ferro v. Ry. Exp. Agency, Inc.*,
   296 F.2d 847 (2d Cir. 1961)....................................................................................7

*Fincher v. County of Westchester*,
   979 F. Supp. 989 (S.D.N.Y. 1997) .......................................................................17

*Gaston v. Ruiz*,
   No. 17-CV-1252 (NGG), 2018 U.S. Dist. LEXIS 112695,
   2018 WL 3336448 (E.D.N.Y. July 6, 2018)..........................................................14

*Genovese v. Town of Southhampton*,
   921 F. Supp. 2d 8 (E.D.N.Y. 2013) .................................................................15, 16

*Giaccio v. City of New York*,
   308 F. App'x 470 (2d Cir. 2009) ..........................................................................14

*Greathouse v. Vasquez*,
   No. 20-CV-8748 (PAE) (SN) 2021 U.S. Dist. LEXIS 249704,
   2021 WL 6334689 (S.D.N.Y. Dec. 20, 2021) ......................................................10

*Hardy v. New York City Health & Hosps. Corp.*,
   164 F.3d 789 (2d Cir. 1999).............................................................................17, 18

*Harris v. Mills*,
   572 F.3d 66 (2d Cir. 2009)....................................................................................19

**Cases**                                                                                          **Pages**

*Hayes v. Perotta,*
    751 F. Supp. 2d 597 (S.D.N.Y. 2010)....................................................................14

*Holmes v. Allstate Corp.,*
    No. 11-CV-1543 (LTS) (DF), 2012 U.S. Dist. LEXIS 24883,
    2012 WL 627238 (S.D.N.Y. Jan. 27, 2012) ............................................................8

*Jackson v. Nassau County,*
    552 F. Supp. 3d 350 (E.D.N.Y. 2021) ..................................................................15

*Jenkins v. City of New York,*
    478 F.3d 76 (2d Cir. 2007)..................................................................................16

*Johmanni Anduze v. City of New York,*
    No. 21-CV-519 (PGG) (KHP), 2022 U.S. Dist. LEXIS 140929,
    2022 WL 4586967 (S.D.N.Y. Aug. 8, 2022) ..........................................................7

*Jones v. Town of E. Haven,*
    691 F.3d 72 (2d Cir. 2012)..................................................................................14

*Kwaine Thompson v. City of New York, et al.,*
    No. 22 Civ. 1458 (JPO) (KHP)......................................................................3, 6, 7

*Leneau v. Ponte,*
    No. 16-CV-776 (GHW) 2018 U.S. Dist. LEXIS 12272,
    2018 WL 566456 (S.D.N.Y. Jan. 24, 2018) ..................................................... 10-11

*Littlejohn v. City of New York,*
    795 F.3d 297 (2d Cir. 2015)................................................................................10

*Marquez v. Starrett City Assocs.,*
    406 F. Supp. 3d 197 (E.D.N.Y. 2017) ..................................................................5

*Mercado v. City of New York,*
    No. 08-CV-2855 (BSJ) (HP), 2011 U.S. Dist. LEXIS 140430,
    2011 WL 6057839 (S.D.N.Y. Dec. 5, 2011) ........................................................14

*Miller v. County of Nassau,*
    467 F. Supp. 2d 308 (E.D.N.Y. 2006) ................................................................13

*Monell v. Dep't of Soc. Servs.,*
    436 U.S. 691 (1978).............................................................................12, 13, 14

*Morris v. City of New York,*
    No. 20-CV-9314 (GBD), 2021 U.S. Dist. LEXIS 186917,
    2021 WL 4461994 (S.D.N.Y. Sept. 29, 2021)......................................................14

**Cases**                                                         **Pages**

*Myers v. Moore*,
    326 F.R.D. 50 (S.D.N.Y. 2018) ...................................................................................9

*Norman v. City of New York*,
    No. 20-CV-5560 (LTS), 2022 U.S. Dist. LEXIS 144631,
    2022 WL 3354707 (S.D.N.Y. Aug. 12, 2022) .............................................................18

*Oklahoma City v. Tuttle*,
    471 U.S. 808 (1985)............................................................................................13, 14

*Ormiston v. Nelson*,
    117 F.3d 69 (2d Cir. 1997).......................................................................................12

*Pembaur v. City of Cincinatti*,
    475 U.S. 469 (1986)...........................................................................................12, 13

*Price v. City of New York*,
    No. 15-CV-5871 (KPF) 2018 U.S. Dist. LEXIS 105815, 2018 WL 3117507
    (S.D.N.Y. June 25, 2018)..........................................................................................14

*Rinaldi v. City of New York*,
    No. 13-CV-4881 (LAK) (JLC) 2014 U.S. Dist. LEXIS 79011,
    2014 WL 2579931 (S.D.N.Y. June 10, 2014) ........................................................11

*Rivera v. Metro. Transit Auth.*,
    No. 09-CV-5879 (LAK),
    750 F. Supp. 2d 456 (S.D.N.Y. 2010)......................................................................11

*Rodriguez v. City of New York Dep't of Educ.*,
    No. 21-CV-6551 (LDH) (RER) 2023 U.S. Dist. LEXIS 56977,
    2023 WL 2741179 (E.D.N.Y. Mar. 31, 2023) ........................................................15

*Rodriguez v. Winski*,
    973 F. Supp. 2d 411 (S.D.N.Y. 2013).......................................................................12

*Saimels v. Air Transp. Local 504*,
    992 F.2d 12 (2d Cir. 1993).........................................................................................4

*Santiago v. City of New York*,
    No. 09-CV-856 (BMC) 2009 U.S. Dist. LEXIS 75372,
    2009 WL 2734667 (E.D.N.Y. Aug. 18, 2009)........................................................15

*Schoolcraft v. City of New York*,
    81 F. Supp. 3d 295 (S.D.N.Y. 2015)........................................................................18

**Cases**                                                                                        **Pages**

*Simmons v. Abruzzo*,
    49 F.3d 86 (2d. Cir. 1995).............................................................................7

*Spagnola v. Chubb Corp.*,
    574 F.3d 64 (2d Cir. 2009)............................................................................4

*Stewart v. Riviana Foods Inc.*,
    No. 16-CV-6157, 2017 U.S. Dist. LEXIS 146665,
    2017 WL 4045952 (S.D.N.Y. Sept. 11, 2017)..................................... 4-5

*Stuyvesant v. Crane*,
    No. 23-CV-4394 (LTS), 2023 U.S. Dist. LEXIS 130880,
    2023 WL 4848404 (S.D.N.Y. July 27, 2023) .......................................11

*Taylor v. Ridley*,
    904 F. Supp. 2d 234 (E.D.N.Y. 2012) ..................................................17

*Treadwell v. County of Putnam*,
    No. 14-CV-10137 (KMK), 2016 U.S. Dist. LEXIS 44335
    (S.D.N.Y. Mar. 30, 2016) .......................................................................16

*Vippolis v. Village of Haverstraw*,
    768 F.2d 40 (2d Cir. 1985)......................................................................14

*Walker v. City of New York*,
    974 F.2d 293 (2d Cir. 1992),
    *cert. denied*, 507 U.S. 961 (1993) .........................................................16

*Wallace v. Conroy*,
    945 F. Supp. 628 (S.D.N.Y. 1996) ........................................................10

*Winter v. Pinkins*,
    No. 14-CV-8817 (RJS), 2016 U.S. Dist. LEXIS 29349,
    2016 WL 1023319 (S.D.N.Y. Mar. 8, 2016) ..........................................5

*Wray v. City of New York*,
    490 F.3d 189 (2d Cir. 2007).....................................................................12

*Zhang v. City of New York*,
    No. 17-CV-5415 (JFK) 2018 U.S. Dist. LEXIS 108441,
    2018 WL 3187343 (S.D.N.Y. June 28, 2018) .......................................10

**Statutes**

29 R.C.N.Y. § 794 .................................................................................................

| **Statutes** | **Pages** |
|---|---|
| 42 U.S.C. § 1983 | 1, 7, 10, 11, 12, 13 |
| Fed. R. Civ. P. 8 | 1, 9 |
| Fed. R. Civ. P. 8(a) | 8 |
| Fed. R. Civ. P. 12(b)(6) | 3, 4, 7, 13, 20 |
| Local Rule 7.2 | 4 |
| N.Y.C. Admin. Code § 8-101, *et seq.* | 9 |
| N.Y.C. Admin. Code § 8-107(4) | 9 |
| N.Y.C. Admin. Code § 8-603 | 9 |
| N.Y.C. Admin. Code § 9-108(c) | 9 |
| N.Y. Gen. Mun. Law § 50-e | 17, 18 |
| N.Y. Gen. Mun. Law § 50-i(1) | 18 |

## PRELIMINARY STATEMENT

Plaintiff Kwaine Thompson, by counsel, has filed an improper Amended Complaint in violation of the Court's April 29, 2024 Order and federal pleading standards.  On April 29, 2024, the Court ordered plaintiff to amend the Complaint within sixty (60) days.  Without showing good-cause, and after that deadline had passed, plaintiff, by counsel, filed his Amended Complaint, which blatantly violated the Court's April 29, 2024 Order by pleading multiple different claims against multiple different individual defendants from multiple different Department of Correction facilities.   In any event, putting the Court Order aside, this absolutely unwieldy Amended Complaint is problematic for a whole host of other reasons, including, *inter alia*, that it violates federal pleading standards by improperly group pleading and not putting the twenty-three (23) individual defendants on notice of what claims are brought against them, not pleading any personal involvement whatsoever for ten (10) of the individual defendants, and insufficiently pleading conclusory claims without sufficient factual allegations.   Accordingly, plaintiff's Amended Complaint is completely improper and should be dismissed.

## PROCEDURAL HISTORY

On March 10, 2023, plaintiff, proceeding *pro se*, filed this lawsuit pursuant to 42 U.S.C. § 1983 asserting what could be considered federal and state law claims, in a three-hundred and twenty-two (322) page Complaint, which included a variety of exhibits.   *See* Dkt. No. 1, Complaint.  On April 29, 2024, prior to any defendant being served, the Court ordered plaintiff to amend his Complaint within sixty (60) days, by June 28, 2024, and have it conform with Rule 8 of the Federal Rules of Civil Procedure's pleading standards.  *See* Dkt. No. 7, Order, April 29, 2024.  In its fifteen (15) page Order, the Court listed two actions plaintiff filed in the United States District Court for the Eastern District of New York, and nine actions plaintiff filed in the United

States District Court for the Southern District of New York, including two actions which were dismissed for failure to state a claim. *See id.* at 2-3.

The Court cautioned plaintiff, stating, "[h]ere, it appears that Plaintiff is attempting to assert unrelated claims against multiple different defendants regarding events that occurred at two different facilities on Rikers Island. The Court grants Plaintiff leave to file an amended complaint concerning the related claims he details in his current complaint. If he wishes to pursue **unrelated claims against multiple different defendants regarding events that occurred at different facilities,** he must bring those claims in separate actions." *Id.* at 6-7 (emphasis added). "Because Plaintiff may be able to allege related claims against multiple defendants regarding events that occurred at **one facility** on Rikers Island, the Court grants Plaintiff 60 days' leave to amend his complaint to detail those claims. Plaintiff must, however, **assert unrelated claims in separate actions,** and he may not assert claims raised in his pending cases." *Id.* at 7 (emphasis added).

The Court further stated that "[b]ecause Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint." *Id.* at 8. In addition, the Court stated that the process of amending the Complaint, "does *not* toll the three-year statute of limitations period governing this action." *Id.* (emphasis included). "If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to comply with this order." *Id.* at 9.

On May 29, 2024, plaintiff filed a non-specific letter including, what appeared to be, various New York *State* Department of Corrections and Community Supervision ("DOCCS") paperwork, when plaintiff's Complaint alleged incidents while plaintiff was incarcerated in New York *City* Department of Correction ("DOC") custody. *See* Dkt. No. 8. On May 31, 2024, plaintiff

filed a letter requesting *pro bono* counsel, which did not demonstrate "good cause to excuse such failure" as to why plaintiff was unable to file an Amended Complaint within sixty (60) days, pursuant to the Court's April 29, 2024 Order, nor free him of the obligation to do so. *See* Dkt. No. 9, Application, May 31, 2024; Dkt. No. 7, Order, April 29, 2024.

The sixty (60) day deadline for plaintiff to file his Amended Complaint passed, without plaintiff filing an Amended Complaint or demonstrating good cause, and without any defendant served or put on notice of this lawsuit. On July 16, 2024, this matter was reassigned to District Judge J. Paul Oetken, and referred to Magistrate Judge Katherine H. Parker for general pre-trial matters. *See* Dkt. Entry, Notice, July 16, 2024; Dkt. No. 10, Order, July 16, 2024. On July 17, 2025, the Court scheduled a status conference for this matter and another of plaintiff's lawsuits, *Kwaine Thompson v. City of New York, et al.*, No. 22 Civ. 1458 (JPO) (KHP), which is also pending in the Southern District of New York, setting a new deadline for plaintiff to amend his Complaint. *See* Dkt. No. 11, Order, July 17, 2025; Dkt. No. 16, Order, September 4, 2025. On July 30, 2025, this Court granted plaintiffs' May 31, 2024 motion to appoint Counsel, and appointed Mr. Sami Elamad as his attorney, and Mr. Elamad filed a Notice of Limited Appearance for the "limited purpose of amending [plaintiff's] original complaint." *See* Dkt. No. 13, Order, July 30, 2025; Dkt. No. 24, Notice of Limited Appearance, October 30, 2024. On November 1, 2024, plaintiff filed his Amended Complaint, alleging nineteen (19) claims against the City of New York, twenty-three (23) individually named DOC employees, and John/Jane Doe Correction Officers, from multiple DOC facilities, in violation of the Court's April 29, 2024 Order. *See* Dkt. No. 25, Amended Complaint, November 1, 2024; Dkt. No. 7, Order, April 29, 2024.

## **STANDARD OF LAW**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a pleading may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In considering a motion to dismiss, a district court must "accept as true all factual claims in the complaint, and draw all reasonable inferences in the Plaintiff['s] favor." *In re Aluminum Warehousing Antitrust Litig.,* 833 F.3d 151, 157 (2d Cir. 2016).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. A party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555; *see also In re Elevator Antitrust Litig.,* 502 F.3d 47, 50 (2d Cir. 2007) ("While [*Twombly*] does not require heightened fact pleading of specifics, it does require enough facts to nudge Plaintiff's claims across the line from conceivable to plausible."). A court should therefore dismiss a complaint when it appears that a plaintiff has failed to plead a plausible claim of relief. *See Spagnola v. Chubb Corp.,* 574 F.3d 64, 67 (2d Cir. 2009).

In deciding a Rule 12(b)(6) motion, a court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which judicial notice may be taken." *Saimels v. Air Transp. Local 504,* 992 F.2d 12, 15 (2d Cir. 1993). "Generally, a court may incorporate documents referenced where (1) [the] plaintiff relies on the materials in framing the complaint, (2) the complaint clearly and substantially references the documents, and (3) the document's authenticity or accuracy is undisputed." *Stewart v. Riviana Foods Inc.,* No. 16-CV-6157, 2017 U.S. Dist. LEXIS 146665, 2017 WL 4045952[1], at

---

[1] In accordance with Local Rule 7.2, defendant City will provide plaintiff, now proceeding *pro se*, with copies of unpublished cases when serving this memorandum of law.

*6 (S.D.N.Y. Sept. 11, 2017) (emphasis omitted) (collecting cases); *see also Dunkelberger v. Dunkelberger*, No. 14-CV-3877, 2015 U.S. Dist. LEXIS 133814, at *5 (S.D.N.Y. Sept. 30, 2015) ("To be incorporated by reference, the complaint must make a clear, definite, and substantial reference to the documents, and to be integral to a complaint, the plaintiff must have (1) actual notice of the extraneous information and (2) relied upon the documents in framing the complaint.") (citations omitted). "[A] court may consider documents attached to the complaint as an exhibit or incorporated in it by reference … matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir. 1993)) (internal quotation marks omitted).

Although plaintiff is currently proceeding *pro se*, he was represented when the Amended Complaint was filed, and the Amended Complaint was drafted by an attorney. *See* Dkt. No. 20, Amended Complaint. Therefore, plaintiff is not entitled to have the Court construe is pleadings liberally. *See Marquez v. Starrett City Assocs.,* 406 F. Supp. 3d 197, 205 (E.D.N.Y. 2017) ("In this case, although Plaintiff is currently proceeding *pro se*, he was represented at the time the complaint was filed. Because the complaint was drafted by a lawyer, it is not entitled to the generous reading given to *pro se* complaints."); *Winter v. Pinkins*, No. 14-CV-8817 (RJS), 2016 U.S. Dist. LEXIS 29349, 2016 WL 1023319, at *4 (S.D.N.Y. Mar. 8, 2016) ("the Court has no obligation to liberally construe Plaintiff's complaint, since it was filed with the assistance of counsel.").

**ARGUMENT**

**POINT I**

**PLAINTIFF BLATANTLY VIOLATED THE COURT'S APRIL 29, 2024 ORDER BY BRINGING CLAIMS AGAINST MULTIPLE INDIVIDUALS FROM SEPARATE DOC FACILITIES AND THEREFORE HIS AMENDED COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY**

Plaintiff has blatantly violated Chief District Judge Laura Taylor Swain's April 29, 2024 Order, which explicitly instructed him to bring "unrelated claims against multiple different defendants regarding events that occurred at different facilities… in separate actions." Dkt. No. 7, Order at 6, April 29, 2024. The sentiment of this Court Order was to not bring multiple unrelated lawsuits in this one case. However, plaintiff, by counsel, completely ignored this Court Order, and, in his Amended Complaint, plaintiff brought multiple unrelated claims against twenty-three (23) individual defendant correction officers from two separate DOC facilities – the West Facility and the George R. Vierno Center ("GRVC") – in violation of the Court's April 29, 2024 Order. *See* Dkt. No. 25, Amended Complaint, November 1, 2024.

Furthermore, the Court also stated, in its April 29, 2024 Order to Amend, that "[plaintiff] may not assert claims raised in his pending cases." *See* Dkt. No. 7, Order at 7, April 29, 2024. However, in paragraphs 51 to 52 of the Amended Complaint, plaintiff again violated the Court's Order, appearing to bring allegations related to alleged sexual misconduct in the VCBC facility and GRVC facility on Rikers Island that he has already alleged in a separate, and pending, lawsuit before District Judge J. Paul Oetken and Magistrate Judge Katherine H. Parker. *See Thompson v. City of New York,* No. 22-CV-1458 (JPO) (KHP) (S.D.N.Y.); *see also* Dkt. No. 25, Amended Complaint at ¶¶ 51-52. That separate lawsuit consists of allegations of sexual misconduct in the

VCBC and GRVC facilities from a period of June 2021 through December 2021. *See Thompson v. City of New York,* No. 22-CV-1458 (JPO) (KHP) (S.D.N.Y.).

Accordingly, for these reasons alone, the Court should dismiss the Amended Complaint in its entirety. *See* Dkt. No. 7, Order at 6, April 29, 2024.

## POINT II

### PLAINTIFF IMPROPERLY RELIES ON COLLECTIVE OR "GROUP" PLEADING

Plaintiff plainly fails to articulate the majority of his claims and does not put the individual defendants on notice of the claims asserted against them. The purpose of pleadings under the Federal Rules is to give adverse parties fair notice of the claim asserted so that they may answer and prepare for litigation. *See Simmons v. Abruzzo*, 49 F.3d 86 (2d. Cir. 1995). A complaint need not "be a model of clarity or exhaustively present the facts alleged, [but] it requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford,* 10 F.App'x 33, 34 (2d Cir. 2001) (quoting *Ferro v. Ry. Exp. Agency, Inc.,* 296 F.2d 847, 851 (2d Cir. 1961). Group pleading, which fails to differentiate as to which defendant was involved in the alleged unlawful conduct, is insufficient to state a claim under Section 1983. *Johmanni Anduze v. City of N.Y.*, No. 21-CV-519 (PGG) (KHP), 2022 U.S. Dist. LEXIS 140929, 2022 WL 4586967, at *19-20 (S.D.N.Y. Aug. 8, 2022) (internal citations and quotations omitted). To satisfy Rule 12(b)(6), a plaintiff must make "specific factual allegations" against each defendant. *Id.* A complaint that "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct fails to satisfy this minimum standard." *Atuahene,* 10 F. App'x 33, 34; *see also DiPippo v. Cty. of Putnam*, No. 17-CV-7948 (NSR) 2019 U.S. Dist. LEXIS 33071, 2019 WL 1004152, at **46-47 (S.D.N.Y. Feb. 28, 2019) (dismissing "general, conclusory, blanket claims against all Defendants, and [were] insufficient to

put each Defendant on notice about what Plaintiff's actual grievances [were]"); *Holmes v. Allstate Corp.*, No. 11-CV-1543 (LTS) (DF), 2012 U.S. Dist. LEXIS 24883, 2012 WL 627238, at *69 (S.D.N.Y. Jan. 27, 2012) ("Rule 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it.").

Plaintiff advances the type of "group pleading" that falls below the "pleadings" watermark and only refers to a collective group of defendants for most of the claims alleged. Specifically, plaintiff fails to state: what each individual defendant allegedly did to subject plaintiff to unconstitutional conditions of confinement, and which individual defendant allegedly did so (*see* Dkt. No. 25 at ¶¶ 123-128); what each individual defendant allegedly did to provide inadequate medical care and medical indifference, and which individual defendant allegedly did so (*id.* at ¶¶ 129–134); what each individual defendant allegedly did to establish a claim for excessive force, and which individual defendant allegedly did so (*id.* at ¶¶ 135–139); what each individual defendant allegedly did to establish a claim for failure to protect and failure to intervene, and which individual defendant allegedly did so (*id.* at ¶¶ 140–144); what each individual defendant allegedly did to violate plaintiff's due process rights, and which individual defendant allegedly did so (*id.* at ¶¶ 145–152); what each individual defendant allegedly did to violate plaintiff's First Amendment rights by denying plaintiff access to courts, and which individual defendant allegedly did so (*id.* at ¶¶ 153–158); which individual defendant allegedly violated plaintiff's First Amendment Religious Discrimination rights (*id.* at ¶¶ 159–165); what each individual defendant allegedly did to violate plaintiff's rights under the Religious Land use and Institutionalized Persons Act of 2000, and which individual defendant allegedly did so (*id.* at ¶¶ 166–170); what each individual defendant allegedly did to violate plaintiff's Equal Protection rights under the Fourteenth Amendment, and which individual defendant allegedly did so, other than defendant Griffin (*id.* at ¶¶ 171–177); what

each individual defendant allegedly did to retaliate against plaintiff's First Amendment rights, and which individual defendant allegedly did so (*id*. at ¶¶ 178–184); what each individual defendant allegedly did to establish supervisory liability, and which individual defendant allegedly did so (*id*. at ¶¶ 185–190); which individual defendant allegedly violated plaintiff's rights under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act (*id*. at ¶¶ 197–210); what each defendant allegedly did to violate plaintiff's rights under the New York State Constitution, and which defendant allegedly did so (*id*. at ¶¶ 211–214); what each defendant allegedly did to violate plaintiff's rights under Section 40 of the New York State Civil Rights Law and Section 290 of the New York State Executive Law, and which defendant allegedly did so (*id*. at ¶¶ 215–218); what each defendant allegedly did that amounted to a negligence claim, and which defendant allegedly did so (*id*. at ¶¶ 219–223); what each defendant allegedly did that amounted to a claim of negligent or intentional infliction of emotional distress, and which defendant allegedly did so (*id*. at ¶¶ 223–237); what each defendant allegedly did to violate plaintiff's rights "New York City law, including the Humans Rights Law, sec. 8-101, et seq., sections 8-107(4), 8-603, 9-108(c), of the New York City Admin. Code, and the Rules of the City of New York," and which defendant allegedly did so (*id*. at ¶¶ 238–240); and how the actions of each defendant individually rises to the level of a constitutional violation.

This form of "group pleading," or referring only to "defendants" as a collective is not sufficient and, pursuant to Rule 8, does not give the defendants fair notice on what grounds plaintiff's claims are based. *See Atuahene,* 10 F. App'x 33 at 34; *see also Myers v. Moore,* 326 F.R.D. 50, 60 (S.D.N.Y. 2018) (dismissing malicious prosecution claim where the complaint relied on group pleading); *Cooper v. City of New York*, No. 17-CV-1517 (NGG) (RLM), 2019 U.S. Dist. LEXIS 131572, 2019 WL 3642996, at *21-22 (E.D.N.Y. Aug. 5, 2019) (same); *Bouche v. City of*

*Mount Vernon,* 2012 U.S. Dist. LEXIS 40246, 2012 WL 987592, at *25 (S.D.N.Y. Mar. 23, 2012) (dismissing claim because plaintiff "only refer[red] to the defendants in the collective, never identifying which defendants were responsible for specific actions"). As such, plaintiff's first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, thirteenth, fourteenth, fifteenth, sixteenth, eighteenth, and nineteenth claims should be dismissed.

### POINT III

### PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE THE PERSONAL INVOLVEMENT OF TEN INDIVIDUAL DEFENDANTS: MAGINLEY-LIDDIE, COLLINS; GUAN, LOPEZ, ROLLINSON, PALMERO, LEMON, LEITCH, MARDEN, AND GRAVES

Under a § 1983 claim, an individual may be held liable only if that individual is "personally involved in the alleged deprivation." *Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015). Because vicarious liability is inapplicable in a § 1983 suit, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution. *Id.* at 314 (internal citations and quotations omitted); *Greathouse v. Vasquez,* No. 20-CV-8748 (PAE) (SN) 2021 U.S. Dist. LEXIS 249704, 2021 WL 6334689, at *12 (S.D.N.Y. Dec. 20, 2021) (same); *Zhang v. City of N.Y.,* No. 17-CV-5415 (JFK) 2018 U.S. Dist. LEXIS 108441, 2018 WL 3187343, at *27 (S.D.N.Y. Jun. 28, 2018). Liability will not be imputed to an official merely on the basis of *respondeat superior*. *See Wallace v. Conroy*, 945 F. Supp. 628 at 637 (S.D.N.Y. 1996). Accordingly, an allegation that a defendant is in a high position of authority, such as the warden of a prison, is, in and of itself, insufficient to impose liability absent proof of personal involvement in the constitutional deprivation. *See id.* at 637–38. Further, as stated previously, a plaintiff cannot rely on a group pleading against all defendants without making specific individual factual allegations. *See Leneau v. Ponte*, No. 16-CV-776 (GHW) 2018 U.S.

10

Dist. LEXIS 12272, 2018 WL 566456, at *40 (S.D.N.Y. Jan. 24, 2018).    In order to survive

a motion to dismiss, a plaintiff alleging a Section 1983 claim must set forth specific and detailed

factual allegations of personal involvement as opposed to bald assertions and conclusory terms.

*See Stuyvesant v. Crane*, No. 23-CV-4394 (LTS), 2023 U.S. Dist. LEXIS 130880, 2023 WL

4848404, at *20 (S.D.N.Y. Jul. 27, 2023).

Plaintiff fails to allege how individual defendants (1) Commissioner Lynell Maginley-

Liddie; (2) Warden Collins; (3) Captain Guan; (4) Captain Lopez; (5) Captain Rollinson; (6)

Captain Palmero; (7) Captain Lemon; (8) Correction Officer ("CO") Leitch; (9) CO Marden; and

(10) CO Graves, were personally involved in violating his constitutional rights.  *See* Dkt. No. 25,

Amended Complaint.  In fact, plaintiff does not even mention these ten (10) individual defendants

throughout his Amended Complaint other than in the caption of his case and the fact that they

work, or worked, for DOC.  *See id.*  Absent vicarious liability, each Government official, his or

her title notwithstanding, is only liable for his or her own misconduct.  *See Rivera v. Metro. Transit

Auth.*, No. 09-CV-5879 (LAK), 750 F. Supp. 2d 456, 462 (S.D.N.Y. 2010) (internal citations and

quotations omitted)  There is no liability under Section 1983 against a supervisor or other official

for the actions of his subordinates simply by virtue of his position. *Rinaldi v. City of N.Y.*, No. 13-

CV-4881 (LAK) (JLC) 2014 U.S. Dist. LEXIS 79011, 2014 WL 2579931, at *45 (S.D.N.Y. Jun.

10, 2014).  Accordingly, because plaintiff fails to allege any actions whatsoever on the part of

defendants (1) Commissioner Lynell Maginley-Liddie; (2) Warden Collins; (3) Captain Guan; (4)

Captain Lopez; (5) Captain Rollinson; (6) Captain Palmero; (7) Captain Lemon; (8) CO Leitch;

(9) CO Marden; and (10) CO Graves, including any actions that could plausibly be construed as

personal involvement in any of these alleged constitutional violations, all claims against these

defendants must be dismissed for lack of personal involvement.

## POINT IV

**TO THE EXTENT ANY OF PLAINTIFF'S CLAIMS ARISE FROM ALLEGATIONS CONTAINED IN PARAGRAPHS 39 THROUGH 53, SUCH CLAIMS ARE TIME-BARRED**

To the extent any of plaintiff's claims arise from allegations contained in paragraphs 39 through 53, such claims are time-barred and should be dismissed. *See* Dkt. No. 25, Amended Complaint at ¶¶ 39-53. Indeed, any allegation that occurred prior to November 1, 2021, (three years prior to plaintiff filing the Amended Complaint in this action on November 1, 2024), is clearly time-barred. *See Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) ("In section 1983 actions, the applicable limitations period is found in the general or residual [state] statute [of limitations] for personal injury actions." ( internal quotation marks omitted). "New York's three-year statute of limitations for unspecified personal injury actions governs section 1983 actions in New York." *Id.* Accordingly, any claims associated with the allegations in plaintiff's Amended Complaint, from paragraphs 39 through 53, should be dismissed.

## POINT V

**PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE CITY OF NEW YORK FOR MUNICIPAL LIABILITY**

"A municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.,* 436 U.S. at 691. To state a claim for municipal liability, a plaintiff must plead "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York,* 490 F.3d 189, 195 (2d Cir. 2007); *see also Rodriguez v. Winski,* 973 F. Supp. 2d 411, 425 (S.D.N.Y. 2013). Municipalities can only be liable for "their own illegal acts." *Pembaur v. City of Cincinatti,* 475 U.S. at 479 (1986) (plurality opinion). This is to say, the City of New York cannot be "held liable under § 1983 on a theory of

*respondeat superior.*" *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004). A plaintiff seeking to hold a municipality liable as a "person" within the meaning of §1983, must establish that the municipality itself was somehow at fault. *See Oklahoma City v. Tuttle,* 471 U.S. 808, 810 (1985). A plaintiff can satisfy the "policy or custom" prong required to establish municipal liability by alleging "the existence of (1) a formal policy, *see Monell*, *supra*, 436 U.S. at 690; (2) actions taken or decisions made by final municipal policymakers that caused the violation of [plaintiff's] rights, *see Pembaur*, 475 U.S. 469, 483-84; (3) a practice so persistent and widespread that it constitutes a "custom or usage" and implies the constructive knowledge of policymakers, *see Monell,* 436 U.S. at 690-91; or (4) a failure to properly train or supervise municipal employees that amounts to "deliberate indifference to the rights of those with whom municipal employees will come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

The Amended Complaint comes closest to stating a claim under either the first, third, or fourth categories of *Monell* liability—i.e., "a formal policy," a "custom or usage," or "failure to properly train." However, as set forth below, plaintiff's *Monell* claim should be dismissed with prejudice pursuant to Rule 12(b)(6) because plaintiff's allegations are facially insufficient to hold the City liable under §1983. First, plaintiff fails to adequately plead the existence of a policy/custom or usage as is necessary. In order for a plaintiff to establish municipal liability by invoking a custom or usage, they need to show that the City "indirectly caused the misconduct of a subordinate municipal employee by acquiescing in a longstanding practice or custom which may be fairly said to represent official policy." *Buari v. City of New York,* 530 F. Supp. 3d 356, 398 (S.D.N.Y Mar. 30, 2021) (quoting *Miller v. County of Nassau*, 467 F. Supp. 2d 308, 314 (E.D.N.Y. 2006). It is well established that a single isolated incident alleged in a complaint, especially where the alleged incident involves only officials below the policymaking level, will not suffice to

establish a municipal policy or custom. *See Oklahoma City*, 471 U.S. 808 at 824; *see also e.g. Hayes v. Perotta,* 751 F. Supp. 2d 597, 601 (S.D.N.Y. 2010); *Jones v. Town of E. Haven,* 691 F.3d 72, 85 (2d Cir. 2012) (holding that three incidents "fell far short of showing a policy, custom, or usage of officers"); *Giaccio v. City of New York,* 308 F. App'x 470, 472 (2d Cir. 2009) (holding that four constitutional violations "falls far short of establishing a practice that is 'so persistent or widespread' as to justify the imposition of municipal liability"); *Price v. City of New York,* No. 15-CV-5871 (KPF) 2018 U.S. Dist. LEXIS 105815, 2018 WL 3117507, at *47 (S.D.N.Y. Jun. 25, 2018) ("But Plaintiff's allegations of three similar constitutional violations do not allow the Court plausibly to infer the existence of a widespread custom or practice that can be attributed to the City.").

"A plaintiff bringing a *Monell* claim also must establish a causal connection between the municipality's official policy and the underlying constitutional violation." *Gaston v. Ruiz*, No. 17-CV-1252 (NGG), 2018 U.S. Dist. LEXIS 112695, 2018 WL 3336448, at *15-16 (E.D.N.Y. Jul. 6, 2018) (citing *City of Canton, supra*, at 385). In fact, "the plaintiff must establish a causal connection – an affirmative link – between the policy and the deprivation of his constitutional rights." *Vippolis v. Vill. of Haverstraw,* 768 F.2d 40, 44 (2d Cir. 1985) (internal quotation marks and citation omitted). "To establish *Monell* liability, the causal link must be strong; that is, the policy must be the 'moving force' behind a constitutional violation." *Mercado v. City of N.Y.*, No. 08-CV-2855 (BSJ) (HP), 2011 U.S. Dist. LEXIS 140430, 2011 WL 6057839, at *23 (S.D.N.Y. Dec. 5, 2011) (quoting *Monell,* 436 U.S. at 694); *see also Morris v. City of New York,* No. 20-CV-9314 (GBD), 2021 U.S. Dist. LEXIS 186917, 2021 WL 4461994, at *19-22 (S.D.N.Y. Sept. 29, 2021) ("Plaintiff's *Monell* claim fails because the [complaint] does not sufficiently allege the existence of a policy, custom or practice that was the driving force of any violation of Plaintiff's

constitutional rights."). "Boilerplate allegations of a municipal practice or custom" do not meet the plausibility standard for a *Monell* claim. *Rodriguez v. City of New York Dep't of Education*, No. 21-CV-6551 (LDH) (RER) 2023 U.S. Dist. LEXIS 56977, 2023 WL 2741179, at *10 (E.D.N.Y. Mar. 31, 2023) (*citing Jackson v. Nassau Cnty.,* 552 F. Supp. 3d 350, 381 (E.D.N.Y. 2021); *see also Santiago v. City of N.Y.,* No. 09-CV-856 (BMC) 2009 U.S. Dist. LEXIS 75372, 2009 WL 2734667, at *7 (E.D.N.Y. Aug. 18, 2009) ("[I]t is now clear that such boilerplate [*Monell*] claims do not rise to the level of plausibility"); *Genovese v. Town of Southhampton,* 921 F. Supp. 2d 8, 25 (E.D.N.Y. 2013) ("[V]ague and conclusory assertions that the Town should have known that officers would encounter these situations, and that the Town did not adequately train officers to properly respond …without any actual supporting [allegations]…are insufficient to adequately plead a *Monell* claim.").

Plaintiff fails to identify any specific policy, practice, or custom that resulted in a violation of his rights.  Plaintiff merely makes boilerplate assertions that "DOC leadership and policymakers are indifferent to the possibility that its officers violate the constitutional rights of individuals…'" and DOC's "need for better supervision to protect against constitutional violations were obvious… No doubt, City's failure to supervise or even discipline its employees amounted to deliberate indifference."  *See* Dkt. No. 25, Amended Complaint at ¶¶ 193-194.  Plaintiff does not plead facts to support the existence of a pattern of similar constitutional violations, or a likelihood that a particular personnel decision would result in a violation of one or more of plaintiff's rights. The conclusory nature of plaintiff's allegations alone warrants dismissal of this claim. *See, e.g. Cuevas v. City of N.Y.,* No. 07-CV-4169 (LAP), 2009 U.S. Dist. LEXIS 114984, at *10 (S.D.N.Y. Dec. 7, 2009) ("Plaintiff's boilerplate allegations against the City … satisfy neither the elements [for municipal liability], nor the pleading requirements set forth in *Iqbal*").  Plaintiff repeats allegations

that are prototypical of the type of "vague and conclusory assertions…without any actual supporting evidence" that courts have found "insufficient to adequately plead a *Monell* claim." *Genovese*, 921 F. Supp. 2d at 25.

Further, the Complaint seeks to establish municipal liability based on a "failure to supervise or discipline" theory. *See* Dkt. No. 25, Amended Complaint at ¶¶ 193–195). To state a *Monell* claim based on a failure to supervise, a plaintiff must allege "(1) . . . a pattern of allegations of or complaints about, or a pattern of actual, similar unconstitutional activity, and (2) the municipality consistently failed to investigate those allegations." *Treadwell v. Cty. of Putnam*, No. 14-CV-10137 (KMK), 2016 U.S. Dist. LEXIS 44335, at *9 (S.D.N.Y. Mar. 30, 2016). Once again, plaintiff does not allege any such facts, and only asserts conclusory and boilerplate allegations, which are insufficient to plead a *Monell* claim. *See Genovese*, 921 F. Supp. 2d at 25.

To show deliberate indifference, a plaintiff must allege facts to demonstrate that the policymaker's inaction was the product of conscious choice. *Cash v. County of Erie,* 654 F.3d 324, 334 (2d Cir. 2011). A pattern of similar constitutional violations by untrained employees is typically necessary to demonstrate deliberate indifference for the purposes of a theory of a failure to train. *Connick v. Thompson*, 563 U.S. 51, 62 (2011). Beyond a showing of deliberate indifference, a plaintiff must also identify a specific deficiency in training or supervision and establish that that deficiency is causally related to the injury. *See, e.g., Jenkins v. City of N.Y.,* 478 F.3d 76, 94 (2d Cir. 2007); *Walker v. City of N.Y.*, 974 F.2d 293, 298 (2d Cir. 1992), *cert. denied*, 507 U.S. 961 (1993). Notably, municipal liability is "at its most tenuous where a claim turns on a failure to train." *Connick*, 563 U.S. at 61. To show deliberate indifference as a result of inadequate hiring or screening, plaintiff must demonstrate that the plainly obvious consequence of the hiring decision would be that the particular employee was highly likely to inflict the particular injury

16

suffered by the plaintiff and a strong connection between the employee's background and the violation of the specific constitutional right. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 412 (1997).  Again, plaintiff has done none of this and his conclusory allegations are insufficient to plead a *Monell* claim.

Accordingly, plaintiff has failed to sufficiently allege a claim for municipal liability, and thus it should be dismissed.

**POINT VI**

**PLAINTIFF'S CLAIMS BROUGHT UNDER NEW YORK STATE LAW AND NEW YORK CITY LAW ALL FAIL**

To the extent that plaintiff alleges any claims under New York state law or New York City law, *i.e.* Count 14 (New York State Constitution violations); Count 15 (New York State Statutory violations); Count 16 (negligence); Count 17 (negligent hiring, training, and supervision); Count 18 (negligent or intentional infliction of emotional distress); and Count 19 (New York City Law violations), all such claims fail.

**A.    Plaintiff Failed to Plead Compliance with General Municipal Law**

Plaintiff's claims brought under New York state law fail because plaintiff has failed to satisfy either the statutory or legal requirements necessary to bring this claim.

Under New York law, filing a notice of claim is a condition precedent to bringing a tort action a municipal entity or its employees. *See* General Municipal Law § 50-e; *Fincher v. Cty. of Westchester*, 979 F. Supp. 989, 1002 (S.D.N.Y. 1997).  These provisions apply to state law claims even when they are brought in federal court. *See Hardy v. N.Y.C. Health & Hosps. Corp.,* 164 F.3d 789, 793 (2d Cir. 1999).  In New York, "[n]otice of claim requirements are construed strictly" and "failure to comply with those requirements ordinarily requires a dismissal for failure to state a cause of action." *Taylor*, 904 F. Supp. 2d at 234 (internal marks omitted).

"[T]he notice of claim requirement is "strictly construed."" *Norman v. City of New York*, No. 20-CV-5560 (LTS), 2022 U.S. Dist. LEXIS 144631, 2022 WL 3354707, at *6 (S.D.N.Y. Aug. 12, 2022) (quoting *Schoolcraft v. City of New York*, 81 F. Supp. 3d 295, 300 (S.D.N.Y. 2015)). "Federal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement, nor can a federal court grant a plaintiff permission to file a late notice of claim." *Da Mata v. City of New York*, No. 21-CV-155 (KPF), 2023 U.S. Dist. LEXIS 2133, 2023 WL 112449, at *17 (S.D.N.Y. Jan. 5, 2023).

Furthermore, the law requires that a complaint allege service of the notice of claim. *See* N.Y. Gen. Mun. L. § 50-i(1) ("it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice [of claim]"). "Failure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action." *Hardy,* 164 F.3d 789, 794.

To the extent that plaintiff alleges claims under New York state law against the City of New York and government employees, plaintiff was required to satisfy the conditions of the General Municipal Law. Specifically, plaintiff was required to file a notice of claim and to allege in the complaint that he satisfied the conditions precedent to suit. *See* General Municipal Law § 50-e. Plaintiff does not allege anywhere in the Amended Complaint that he filed a notice of claim. Defendant City also does not have independent information to show that plaintiff filed a timely notice of claim regarding this matter, and in fact, all information points towards plaintiff not filing a notice of claim. Accordingly, all of plaintiff's claims brought under New York state law should be dismissed for failing to comply with General Municipal Law.

**B.**    **Plaintiff's Claims Under New York State Law and New York City Law Fail for Other Reasons**

Failure to file a timely Notice of Claim is fatal to plaintiff's claims brought under New York State law.  In addition, as discussed, *supra*, plaintiff improperly group pleads and does not plead personal involvement related to these claims.  However, plaintiff's claims brought under New York State law and New York City law fail for other reasons, including the fact that plaintiff's allegations brought under New York State law and New York City law are merely legal conclusions, unsupported by any facts, which only recite of the elements of their causes of action. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Accordingly, all of plaintiff's claims brought under New York state law and New York City law should be dismissed.

## CONCLUSION

For the foregoing reasons, defendant City of New York respectfully requests that

the Court grant its motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6) in its entirety, together with such other and further relief as the Court deems

just and proper.


Dated:          New York, New York
                March 20, 2025


                                        **MURIEL GOODE-TRUFANT**
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendant City*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-1945
                                        gaccari@law.nyc.gov

                                        By:   */s/ Gregory Accarino*

                                              Gregory Accarino
                                              *Senior Counsel*

cc:     **By U.S. Mail:**
        Kwaine Thompson
        *Plaintiff Pro Se*
        EMTC, Rikers Island
        10-10 Hazen Street,
        East Elmhurst, New York 11370

20