USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/9/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KWAINE THOMPSON,<br><br>                                    Plaintiff,<br><br>-against-<br><br><br>LEMON et al.,<br><br><br>                                    Defendants. | 23-CV-2102 (JPO) (KHP)<br><br>**ORDER REGARDING PRO BONO COUNSEL** |

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

The Court directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of opposing Defendant City of New York's motion to dismiss in the above-captioned action.[1]  Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

**LEGAL STANDARD**

In civil cases, courts may, in their discretion, request that an attorney volunteer to represent an indigent litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989).  Courts must make such requests sparingly and with reference to public benefit in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989). As a threshold matter, the litigant must demonstrate that they are indigent, meaning they do not have the resources to pay for a lawyer themselves, and the court must find that the litigant's claim "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  The Court should also consider other factors, including the indigent's ability to

---

[1] The deadline for Plaintiff to oppose the motion to dismiss is May 5, 2025.

investigate the crucial facts, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason why appointment of counsel would be more likely to lead to a just determination. *Id.*

Here, Plaintiff's *in forma pauperis* application was granted on February 28, 2024. (ECF No. 4.) Therefore, Plaintiff is indigent. Additionally, without making any substantive finding as to the merits of Plaintiff's claims, and based only on the allegations in the Complaint and the Court's understanding through case management conferences of the discovery that has been produced, the Court finds that at least some of Plaintiff's claims are likely to be of substance.

The Court further finds that Plaintiff's ability to oppose the pending motion to dismiss is hindered by the fact that he is incarcerated. Accordingly, in this particular case, representation would likely "lead to a quicker and more just result." *Hodge*, 802 F.2d at 61.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this order. Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

**CONCLUSION**

**The Clerk of Court is respectfully directed to search for a volunteer lawyer to represent Plaintiff for purposes of filing an opposition to Defendant City of New York's motion to dismiss.**

If a volunteer lawyer agrees to take this case, the lawyer will contact Plaintiff directly. Plaintiff is advised that it may be the case that no lawyer volunteers to represent him, in which case Plaintiff will represent himself.

**The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.**

**SO ORDERED.**

Dated: April 9, 2025
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge