*The Atlantic*
*Foundation*

June 5, 2025

**BY ECF**

The Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>Plaintiff's Pre-Motion Letter to (1) Stay Motion Deadlines (2) Ensure Access to Counsel (3) Evidentiary Hearing and (4) Preservation Order</u>
               *Thompson v. Lemon, et al.*, No. 23-cv-2102 (JPO) (KHP)

Dear Judge Parker:

    I write respectfully on behalf of Plaintiff Kwaine Thompson, pursuant to Section III(b) of Your Honor's Individual Rules of Practice, to request a pre-motion conference and, if applicable, leave to file the motion, as follows:

(1) Staying the motion-to-dismiss deadlines (ECF No. 110, 120) until Mr. Thompson receives an opportunity to meet with counsel and assist in the preparation and defense of his case;
    a. Plaintiff's opposition is due today, and the City's reply is due June 27. ECF No. 120.

(2) Directing Defendant City of New York ("City" or "Defendant")—through its Department of Corrections ("DOC" or "Department")— to allow counsel access to Mr. Thompson as well as to enjoin further attempts to obstruct or stymie his right to counsel during the pendency of these proceedings;

(3) To schedule an evidentiary hearing and, if applicable, conduct limited discovery related to the Department's policies and practices, as well as its conduct in this litigation (and the related matter) with respect to attorney visits and screenings as well as privileged communications or, in the alternative, issue an order to show cause as to why one should not issue; and

(4) For an order to show cause as to why a preservation order should not issue in light of the risk of evidence being destroyed or otherwise tampered with.

**Hon. Katharine Parker**
Jun. 5, 25
Page 2 of 3

Earlier today, DOC staff denied me access to an attorney visit with Mr. Thompson, which was scheduled to give him an opportunity to review the opposition papers as well as to complete a declaration, *see* ECF No. 119. Even though I personally applied and received approval from the DOC Legal Pass office back in October—which only happened after an already onerous and time-consuming effort—the Department yet again invoked a non-existent policy that says attorney passes expire after six months.

If that were the end of it, perhaps the Department's actions could be explained as some type of innocent misunderstanding. To be clear, DOC's own policy says any attorney who would like a visitor's pass—known as a legal pass—can *obtain one on the same day* s/he applies. *See* NYC Dept. of Corrections, *Obtain Legal Passes*, https://www.nyc.gov/site/doc/inmate-info/obtain-legal-passes.page.

By way of background, over the past six months, the Department has repeatedly manufactured and invoked non-existent policies that have effectively stymied Mr. Thompson's ability to effectively or meaningfully participate in the preparation or defense of his cases. And more: Defendant has taken a tire iron to Plaintiff's basic constitutional rights. That's especially so as it concerns access to the courts and counsel—black letter constitutional law—which are central to Mr. Thompson's allegations in his complaints and repeated reports to the Court.

Back in September 2024, I visited the DOC office to apply for a legal pass, as relevant to this litigation. Consistent with DOC policy, I appeared with my completed application, including a money order and certificate of good standing. That day, however, DOC staff denied me access to any inmate-witnesses on the grounds that background checks for me and my staff apparently were required, and those take anywhere from five to seven days to be completed. I never heard back, however. On October 7, after follow-ups, DOC staff informed me that my legal pass applications were on hold and referred to the DOC Investigation Division ("ID").

On October 16, again after follow-ups, DOC informed me that my application had been approved, but this time, there was a new wrinkle: My one staff member's application is going to take an additional 4-8 weeks pending approval from DOC's Investigation Division. About a week later, on October 21, I telephoned the DOC investigator, who replied, "I have no way of knowing who you are," and could not offer any further advice.

Eventually, on October 22, I emailed Mr. Accarino of Plaintiff's intention to ask the Court for an order to produce the inmates/witnesses.[1] Two days later, all of these seemingly mysterious DOC problems disappeared: I received an email from DOC staff informing me that both applications were approved.

---

[1] On Oct. 7, 2024, I emailed Mr. Accarino of my troubling experience with DOC, explaining that I originally tried to avoid using any formal discovery devices, *e.g.,* a deposition, or seek a court order for DOC to produce an inmate "to avoid making things more complicated or getting any type of special treatment." However, this entire ordeal has been nothing short of complicated.

**Hon. Katharine Parker**
Jun. 5, 25
Page 3 of 3

      Today, when I tried to visit Mr. Thompson around 9:00am, it should not have come as a surprise when DOC staff informed me that apparently attorney passes are no longer valid after six months based on yet another purported DOC rule. There's nothing about an expiration date in DOC's approval email, nothing on their website, and nothing available in writing. Perhaps even worse, DOC staff informed me that, once again, I must prepare and submit applications for legal passes anew, which requires another background check. And if history serves as any indication, that might take anywhere from a couple of days to a couple of months.

      That same morning, I telephoned Mr. Accarino, along with Charlotte Ownes of DOC's General Counsel, to advise of the fact that I cannot see Mr. Thompson. Mr. Accarino said that he had a hearing in a few minutes and, either way, requested that I send him additional information and specifics about the incident, which he could then review.

      Separate and independent of the issue of visits, the Department uses the same rulebook when it comes to attorney-client calls and the Do Not Record registry, which allows attorneys to register their phone numbers online to receive non-recorded or -monitored calls from inmates. According to DOC's instructions, any attorney may submit a request online, which should be processed in no more than 10 business days. *See* NYC Dept. of Corrections, *Prevent Recording Calls*, https://www.nyc.gov/site/doc/inmate-info/preventing-recording-calls.page.

      On March 7, 2025, as relevant to this litigation, I first submitted my request to be placed on the registry. I never heard back or received confirmation in response. I sent three follow-up emails—on March 20, March 26 and April 1—including one from my personal Gmail, but none proved successful.

      On April 4, 2025, I emailed Mr. Accarino to advise him of Plaintiff's intention to bring this issue before the Court's attention. At the time, he was out of the office, but I forwarded it to another attorney filling in. (Mr. Accarino later replied, advising that he would be able to address it upon his return.) Meanwhile, on April 14, I emailed one of my own DOC contacts—Charlotte Owens of the General Counsel's Office—advising of these same issues. She agreed to look into it. As with the legal passes, my request was mysteriously approved the next day in an unsigned, concise email.

      Thank you very much. I sincerely appreciate the Court's time and consideration.

      Very truly yours,

      */s/ Sami Elamad*