**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KWAINE THOMPSON, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF NEW YORK, et al. <br><br> Defendants. | No. 22-cv-1458 (JPO) (KHP) |
| KWAINE THOMPSON, <br><br> Plaintiff, <br><br> vs. <br><br> LEMON, et al. <br><br> Defendants. | No. 23-cv-2102 (JPO) (KHP) <br><br> **ORDER RE** <br> **ACCESS TO COUNSEL** |

This matter comes before the Court on Plaintiff's pre-motion letter, ECF Nos. 121, 122, raising concerns about Plaintiff's ability to access counsel and the courts, among other things. The parties have filed letters and a declaration, *see* ECF Nos. 123, 124, 125, and the Court held a conference on June 17, 2025, with counsel for both parties appearing on the issue. For the reasons previously explained on the record, the Court hereby finds and orders as follows:

1.      Defendant City of New York ("Defendant" or "City")—through its Department of Corrections ("DOC" or "Department")—shall permit Plaintiff's *pro bono* counsel, Sami Elamad, access to his client, Kwaine Thompson, for the pendency of this litigation.

2.      Defendant shall issue a one-year attorney pass, or its functional equivalent at the very least, for Mr. Elamad to gain the same rights and privileges as any other attorney. *See* DOC,

*Obtain Legal Passes*, available at https://www.nyc.gov/site/doc/inmate-info/obtain-legal-passes.page (last accessed June 19, 2025).[1]

3.      This order shall apply and extend to any staff accompanying counsel during legal visits, who shall similarly be entitled to a one-year pass, or its functional equivalent.

4.      Counsel for both parties shall coordinate and make good-faith efforts to effectuate compliance with this order. Defense counsel shall facilitate Defendant's compliance, particularly the prompt issuance of necessary identification card or pass to enter DOC facilities.

      a.  Plaintiff's counsel shall not be required to make a separate visit to DOC offices prior to or before the day of any intended legal visit.

5.      Defendant shall not interfere or otherwise obstruct Plaintiff's access to counsel. Plaintiff's counsel and his staff are not required to undergo further DOC screening, nor are they required to submit additional documents or materials to the DOC Legal Pass Office.

6.      Defendant's agents, employees, and/or representatives are subject to this order.

7.      Should Plaintiff's counsel or his staff discontinue employment or no longer assist in this litigation, Mr. Elamad shall promptly notify defense counsel in writing. Plaintiff's counsel is similarly responsible for reporting any case of theft or loss, consistent with DOC's general guidance. *See* DOC, Obtain Legal Passes, *supra* ¶ 2.

8.      If both parties consent in writing, this order, or any part thereof, may be modified or waived without further court permission/review. Otherwise, if applicable, either party may file a request with the Court to extend, modify, or dissolve the order.

///

---

[1]  To satisfy this order, the Department may also issue a three-year pass, for example, which is the other legal-pass option it offers for attorneys admitted in the state of New York. *See* DOC, *Obtain Legal Passes*, *supra* ¶ 2; ECF No. 125-2 at 1 (same). In that event, the pass shall expire at the conclusion of Mr. Elamad's representation or this litigation, whichever occurs first, regardless of whether three years have actually passed by then.

3

**SO ORDERED.**

Dated: _____


_____
Hon. Katharine H. Parker
U.S. Magistrate Judge