# The Atlantic Foundation

June 24, 2025

**BY ECF**

The Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Thompson v. Lemon, et al.*, No. 23-cv-2102 ( JPO) (KHP)

Dear Judge Parker:

    I write respectfully on behalf of Plaintiff Kwaine Thompson to briefly respond to Defendant City of New York's latest letter, ECF No. 131. I'm particularly writing to object to their request, *id.* at 3, that Plaintiff's counsel be required to "physically go to DOC offices" and make two separate visits to gain attorney-client access to Mr. Thompson.[1]

    The Court should reject Defendant's request. For starters, it's unduly burdensome to require Plaintiff's counsel to make several trips to DOC's Legal Pass office in East Elmhurst, New York. The Legal Pass office is only open a few days of the week for limited hours, *i.e.,* certain mornings. As previously mentioned, Defendant's entire Legal Pass operation relies almost exclusively on one employee, a 1980 DOC veteran who uses a pocket-sized notebook to enter and track Legal Pass applications. *See* ECF No. 125 ¶¶ 6-8.

    And that's not all: Once an attorney arrives at the Legal Pass office, s/he may have to wait anywhere from five minutes to, say, an hour, depending on where that one DOC employee is at the time—say, he left for lunch. Assuming the DOC staff person is there and available that day, an attorney-applicant still might face added waiting times if there are other applicants before him, or even DOC staff visiting the adjacent H.R. office.

    At the very least, it is not clear why defense counsel cannot make necessary arrangements or help with legal passes to be sent to my office by mail, for example. I am happy to visit defense

---

[1] While Defendant's letter is fundamentally wrong and replete with errors, I do not make any attempt here to substantively address or grapple with those points. Take, for example, the City proffered security-related concerns about Plaintiff's counsel gaining "unfettered access to DOC facilities" and "prevent[ing] any loopholes for contraband." ECF No. 131 at 2.

**Hon. Katharine Parker**
Jun. 24, 25
Page 2 of 2

counsel's Manhattan office, if needed, although it is mind-boggling that getting a passport is easier than this.

  The City continues to play games with Mr. Thompson's constitutional rights. Plaintiff intends to seek all appropriate legal remedies and sanctions, *see, e.g.,* ECF No. 124 at 4 (sanctions), which seem all more merited today. And more: Plaintiff reserves the right to supplement his complaint with the latest factual developments here and move for a preliminary injunction. Moreover, if Plaintiff's counsel encounters further complications in a future visit, Plaintiff will move for sanctions and attorney fees/costs. Still, as Plaintiff has consistently maintained, Defendant's policies and practices, along with it's conduct in this litigation, wreak of trouble and flout basic constitutional principles. *See, e.g.,* ECF No. 124 at 3.

       *  *  *

Thank you very much for Your Honor's consideration.

       Very truly yours,

       */s/ Sami Elamad*