UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KWAINE THOMPSON,<br><br>          Plaintiff,<br><br>     vs.<br><br>LEMON, et al.<br><br>          Defendants. | No. 23-cv-2102 (JPO) (KHP)<br><br><br><u>**ORDER RE**</u><br><u>**ACCESS TO COUNSEL**</u> |

      This matter comes before the Court on Plaintiff's pre-motion letter, ECF Nos. 121, 122, raising concerns about Plaintiff's ability to access counsel and the courts, among other things. The parties have filed letters and a declaration, *see* ECF Nos. 123, 124, 125, and the Court held a conference on June 17, 2025, with counsel for both parties appearing on the issue. For the reasons previously explained on the record, the Court hereby finds and orders as follows:

      1.     Defendant City of New York ("Defendant" or "City")—through its Department of Corrections ("DOC" or "Department")—shall permit Plaintiff's *pro bono* counsel, Sami Elamad, access to his client, Kwaine Thompson, for the pendency of this litigation.

      2.     Defendant shall issue a one-year attorney pass, or its functional equivalent at the very least, for Mr. Elamad to gain the same rights and privileges as any other attorney. *See* DOC, Obtain Legal Passes, available at https://www.nyc.gov/site/doc/inmate-info/obtain-legal-passes.page (last accessed June 19, 2025).[1]

---

[1] To satisfy this order, the Department may also issue a three-year pass, for example, which is the other legal-pass option it offers for attorneys admitted in the state of New York. *See* DOC, *Obtain Legal Passes*, *supra* ¶ 2; ECF No. 125-2 at 1 (same). In that event, the pass shall expire at the conclusion of Mr. Elamad's representation or this litigation, whichever occurs first, regardless of whether three years have actually passed by then.

3. This order shall apply and extend to any staff accompanying counsel during legal visits, who shall similarly be entitled to a one-year pass, or its functional equivalent.

4. Counsel for both parties shall coordinate and make good-faith efforts to effectuate compliance with this order. Defense counsel shall facilitate Defendant's compliance, particularly the prompt issuance of necessary identification card or pass to enter DOC facilities.

   a. Plaintiff's counsel shall not be required to make a separate visit to DOC offices prior to or before the day of any intended legal visit, except to pick up his pass in the manner ordinarily required of in-state attorneys.

5. Defendant shall not interfere or otherwise obstruct Plaintiff's access to counsel. Plaintiff's counsel and his staff are not required to undergo DOC screening apart from what is ordinarily required of attorneys admitted in New York state.

6. Defendant's agents, employees, and/or representatives are subject to this order.

7. Should Plaintiff's counsel or his staff discontinue employment or no longer assist in this litigation, Mr. Elamad shall promptly notify defense counsel in writing. Plaintiff's counsel is similarly responsible for reporting any case of theft or loss, consistent with DOC's general guidance. *See* DOC, Obtain Legal Passes, *supra* ¶ 2.

8. If both parties consent in writing, this order, or any part thereof, may be modified or waived without further court permission/review. Otherwise, if applicable, either party may file a request with the Court to extend, modify, or dissolve the order.

9. This Order shall expire automatically upon the conclusion of this litigation or the conclusion of Mr. Elamad's representation of Mr. Thompson, whichever comes first. It shall be limited to the above-captioned matter.

10. In order to obtain his pass, Mr. Elamad and any applicable staff member(s) shall submit a current application and letters as appropriate for a pass with unexpired forms (including certificate of good standing, as applicable) consistent with the manner ordinarily required by DOC

for in-state attorneys.  Mr. Elamad shall designate and communicate to Corporation Counsel no more than two (2) staff members to apply for and receive passes covered by this order.

11.   This order is intended only to ensure Mr. Elamad's access to his client as this litigation proceeds, and thus shall not be construed to limit or otherwise diminish any individual's rights or privileges to obtain other types of legal passes issued by DOC.  Nor shall it be construed as deciding any legal or factual issue in this or any other case.

**SO ORDERED.**

Dated:  June 24, 2025

New York, NY

Hon. Katharine H. Parker
U.S. Magistrate Judge