# The Atlantic Foundation

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/20/2025

August 18, 2025

> No pre-motion conference is needed. The Plaintiff may file a motion to amend the Complaint by September 8, 2025. Opposition due October 6, 2025. Reply by October 13, 2025.
>
> SO ORDERED:
>
> *Katharine H. Parker*
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE    08/20/2025

The Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>Pre-Motion Conference – Amended and Supplemental Allegations</u>
            *Thompson v. Lemon, et al.*, No. 23-cv-2102 (JPO)(KHP)

Dear Judge Parker:

    I write on behalf of Plaintiff Kwaine Thompson, pursuant to Your Honor's Individual Rules of Practice, to respectfully request a pre-motion conference and, if applicable, leave to file an amended complaint as well as supplemental allegations. *See* ECF No. 139.

    As explained below, Plaintiff's proposed amendments and supplemental allegations will not cause undue delay, bad faith, or prejudice to Defendants. Indeed, this case remains in its early stages, and no dispositive motion briefing schedule has yet been set. Nor has the Court established any case management schedule or entered a scheduling order.

    As a general matter, a request to amend is governed by Rule 15 of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Of course, the decision remains within the sound discretion of the court, although the Second Circuit has consistently held that leave should be granted freely in the absence of a showing by the non-movant of prejudice or bad faith. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *State Teachers Retirement Board v. Flour Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

    In contrast to amendments, supplemental pleadings transactions or occurrence that take place after the filing of the controlling pleading. "Whereas Rule 15(a) permits a party to include matters previously 'overlooked or unknown' at the time of the original pleading, Rule 15(d) permits a party to set forth events that 'have happened since' the date of the original pleading…" *Bright v. Annucci*, No. 18 CIV. 11111 (NSR), 2023 WL 5803648, at *3 n.1 (S.D.N.Y. Sept. 6, 2023) (citing cases) (cleaned up). Notwithstanding this difference, "the Rule 15(d) standard is

functionally identical to the standard set forth in Rule 15(a)." *Id.* (cleaned up); *see, e.g., Kleeberg*, 331 F.R.D. at 315.

  Here, Plaintiff seeks to file a Second Amended Complaint that (1) corrects typographical and naming inconsistencies, (2) clarifies factual allegations, (3) adds new details regarding Defendants' retaliatory conduct between December 2022 and February 2023, and (4) supplements the pleading to reflect events occurring after the filing of the First Amended Complaint. These amendments and supplements are based on information recently obtained by Plaintiff and his appointed counsel and are necessary to ensure the pleadings fully and accurately reflect the facts and claims at issue.

  What's more, many of Plaintiff's proposed amendments are in response to purported deficiencies that Defendant City of New York first raised in its pending motion to dismiss. For example, Plaintiff supplied additional details and context about each defendant's personal involvement. Elsewhere, Plaintiff has identified certain Doe defendants who were previously unknown to him at the time the amended complaint was filed.

  Additionally, Plaintiff seeks leave to supplement the complaint to allege additional facts that have occurred since the filing of the original and first amended complaint. Any supplemental facts contained in a supplemental pleading must be "connected to the original pleading." *Kleeberg v. Eber*, 331 F.R.D. 302, 315 (S.D.N.Y. 2019). As with amendments, leave to supplement the complaint lies within the court's discretion to grant or deny leave to file a supplemental pleading.

  In sum, the requested amendments will promote efficiency, judicial economy, and a full adjudication of Plaintiff's claims. Accordingly, Plaintiff respectfully that the Court grant leave to file the proposed Second Amended Complaint, a copy of which is attached hereto pursuant to the Local Rules.

        \*  \*  \*

Thank you very much for the Court's consideration and time.

            Very truly yours,

            /s/ Sami Elamad