UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KWAINE THOMPSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>CAPTAIN LEMON, *et al.*<br><br>                    Defendants. | **No.  23-cv-2102 (JPO) (KHP)**<br>No.  22-cv-1458 (JPO) (KHP) [related] |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT</u>**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

BACKGROUND ............................................................................................................................ 2

    A.    Main Areas of Revision ................................................................................................ 2

STANDARD OF REVIEW ............................................................................................................ 4

ARGUMENT .................................................................................................................................. 5

   LEAVE TO AMEND .................................................................................................................. 5

    B.    The Proposed Amendments Are Not Futile ................................................................. 5

    C.    The Proposed Amendments Will Not Prejudice Defendants ....................................... 6

   LEAVE TO FILE SUPPLEMENTAL ALLEGATIONS ........................................................... 7

    A.    Supplemental Allegations Are Appropriate Under Rule 15(d) .................................... 7

CONCLUSION ............................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**

*Aktiebolag v. Andrx Pharms., Inc.,*
  695 F. Supp. 2d 21 (S.D.N.Y. 2020)..................................................................................7

*Albrecht v. Long Island R.R.,*
  134 F.R.D. 40 (S.D.N.Y. 1991)..........................................................................................5

*Alicea v. City of New York,*
  2023 WL 3724131 (S.D.N.Y. May 30, 2023) ................................................................... 6

*A.V. by Versace, Inc. v. Gianni Versace S.p.A.,*
  87 F. Supp. 2d 281 (S.D.N.Y. 2000) ................................................................................. 6

*Block v. First Blood Assocs.,*
  988 F.2d 344 (2d Cir. 1993) ...............................................................................................6

*Foman v. Davis,*
  371 U.S. 178 (1962) ...........................................................................................................6

*Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.,*
  377 U.S. 218 (1964) .......................................................................................................... 8

*Grimes v. Fremont Gen. Corp.,*
  933 F. Supp. 2d 584 (S.D.N.Y. 2013) ................................................................................6

*In re Elysium Health-ChromaDex Litig.,*
  2021 WL 194994 (S.D.N.Y. Jan. 19, 2021) ...................................................................... 4

*In re United Brands Co. Sec. Litig.,*
  1990 WL 16164 (S.D.N.Y. Feb. 15, 1990) . .......................................................................4

*Kleeberg v. Eber,*
  331 F.R.D. 302 (S.D.N.Y. 2019)....................................................................................... 8

*Ortiz v. Orange County,*
  2024 WL 2798869 (S.D.N.Y. May 31,2024) ................................................................... 7

*Perry v. Monaco, No.,*
  2025 WL 2256888 (S.D.N.Y. Aug. 7, 2025)............................................................... 4, 7

*Quaratino v. Tiffany & Co.,*
  71 F.3d 58 (2d Cir. 1995) .............................................................................................. 4

*Sacerdote v. N.Y. Univ.,*
  9 F.4th 95 (2d Cir. 2021) ............................................................................................... 7

*Strauss v. Douglas Aircraft Co.,*
  404 F.2d 1152 (2d Cir. 1968) ........................................................................................ 6

*Wang v. N.Y.C. Dep't of Youth & Cmty. Dev.,*
  2024 WL 1174723 (S.D.N.Y. Mar. 19, 2024) . .......................................................... 4, 5

## Rules

Fed. R. Civ. P. 15(a)(2) ................................................................................................ 1, 4

Fed. R. Civ. P. 15(d) .................................................................................................... 1, 4

## Other Authorities

3 Moore's Federal Practice § 15.30 (3d ed. 2009) .......................................................... 7

6A Wright & Miller, Federal Practice & Procedure § 1510 (3d ed. 2025) ................... 7

Plaintiff Kwaine Thompson ("Plaintiff" or "Thompson") respectfully moves this Court for leave to file a Second Amended Complaint ("SAC"), pursuant to Federal Rules of Civil Procedure 15(a)(2) and 15(d). This motion seeks to amend existing claims with additional factual allegations and legal theories, and to supplement the complaint with ongoing violations that have occurred since the commencement of this litigation.

## INTRODUCTION

Plaintiff seeks leave to file the proposed Second Amended and Supplemental Complaint ("SAC"), a proposed copy of which is attached as Exhibit A. The amendments and supplemental allegations will (1) correct misnomers and clarify factual averments; (2) add particularized facts addressing personal involvement and timeline details responsive to arguments raised in Defendants' motion to dismiss; and (3) add connected, post-filing events bearing directly on the same course of retaliation, conditions of confinement, and access-to-courts issues already at the core of this action. These post-filing events continue the same alleged course of retaliatory conduct and involve overlapping personnel and supervisory structures. Resolving them here advances judicial economy and preserves consistent remedies.

Leave should be "freely give[n] when justice so requires," Fed. R. Civ. P. 15(a)(2), and the same liberal standard applies to supplemental pleadings under Rule 15(d). Because the case remains in its early stages, with no dispositive motion briefing or case management schedule in place, Plaintiff asserts that the amendments and supplemental allegations will not result in undue delay or prejudice and are intended to ensure that the pleadings accurately reflect the claims at issue. In other words, the requested amendments will promote efficiency, judicial economy, and a full adjudication of Plaintiff's claims. Leave to amend should therefore be granted.

1

## BACKGROUND

The present action challenges retaliatory and unconstitutional conditions arising primarily from events at West Facility and GRVC during December 2022–February 2023, with related, continuing interference while Plaintiff remains in City custody.

On Plaintiff filed the First Amended Complaint ("FAC"), ECF No. 25, and subsequently sought leave to amend again and to supplement with post-filing events. By endorsement order, ECF No. 139, the Court granted Plaintiff additional time to seek leave. Plaintiff then submitted a pre-motion letter on August 18, 2025, ECF No. 142, describing the proposed amendments and the basis for supplementation. The proposed SAC is submitted with this motion.

**A.    Main Areas of Revision**

<u>Corrects identification errors and naming inconsistencies</u>.

As previously explained, many of Plaintiff's proposed amendments are in response to purported deficiencies that Defendant City of New York first raised in its pending motion to dismiss. For example, Plaintiff supplied additional details and context about each defendant's personal involvement. Elsewhere, Plaintiff has identified certain Doe defendants who were previously unknown to him at the time the amended complaint was filed.

Several defendants were misnamed or incompletely identified in the FAC; the SAC now aligns nomenclature and shields/badge numbers where known. For example, Defendant Lemon has been correctly identified as Keisha Lemon. Also, several defendants, including high-ranking DOC officials, were removed from both the original complaint and FAC, and are no longer part of this litigation.

2

<u>Clarifies the chronology and personal involvement</u>. In Defendant City's motion to dismiss, there were several arguments related to improper group leading and the lack of detail specific to each defendant's personal involvement.

Among other examples, the SAC adds defendant-specific facts with dates/quotes:

- Anderson shackled plaintiff and tied relief from shackles to dropping litigation (Jan. 7, 2023);

- Guan ignored a grievance while wearing a body-cam and even warned plaintiff would not be safe from sex abuse (Feb. 13, 2023);

- Blount said "Make him wait" as medication was withheld (Feb. 4, 2023); and

- Palermo escorted plaintiff to the clinic during that incident and failed to intervene/report.

Beyond that, the SAC adds granular facts about the retaliatory transfer to West Facility around early December 2022; statements by supervisory and line officers regarding Plaintiff's litigation; repeated uses of restraints and invasive searches; and the return to GRVC in mid-January 2023, where medication delays and denial of care continued.

<u>Expands disability- and religion-based claims</u>. The SAC adds factual disability detail, including details related to Plaintiff's asthma, hypertension, hearing impairment, and cane, as well as denial of aids (TTY/assistive devices), linking them to denied legal access / court participation. Moreover, the supplemental allegations offer greater detail and context about forced public showering, pepper-spray exposure in a closed cell, and obstacles to access the law library and counsel, providing the factual detail Defendants claimed was lacking.

<u>SAC pleads connected post-filing events</u>. In 2025, while still in DOC custody, Plaintiff experienced further retaliatory housing moves, ongoing medical denials, and additional interferences with access to the courts. These facts continue the same pattern of conduct by the same actors and unit leadership, and are efficiently resolved in this action. As part of Sec. (F),

3

the SAC documents 2025 events (e.g., Plaintiff's return to Rikers; library access problems; attorney-access issues) and then detailing May–July 2025 incidents (repeated medication denials; heat-stroke episode; a captain ordering cameras off; and an arbitrary transfer to "Gangland").

## STANDARD OF REVIEW

Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has long emphasized that this is a "permissive" standard, and that leave should ordinarily be granted absent evidence of undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *See, e.g., In re Elysium Health-ChromaDex Litig.*, 2021 WL 194994, at *4 (S.D.N.Y. Jan. 19, 2021) (quoting *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d Cir. 1995) (cleaned up)); *cf. In re United Brands Co. Sec. Litig.*, No. 85 CIV. 5445 (JFK), 1990 WL 16164, at *2 (S.D.N.Y. Feb. 15, 1990) ("the Court begins with the presumption that the motion should be granted unless good reason exists to deny it").

In contrast, Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "The threshold consideration for the district court is whether 'the supplemental facts connect [the supplemental pleading] to the original pleading.'" *Perry v. Monaco*, No. 24-CV-8736 (LJL), 2025 WL 2256888, at *2 (S.D.N.Y. Aug. 7, 2025) (citation omitted)); *see, e.g., Any Wang v. New York City Dep't of Youth & Cmty. Dev.*, 2024 WL 1174723, at *4 (S.D.N.Y. Mar. 19, 2024). As relevant here, supplementation is appropriate when the new facts are connected to the claims already alleged and promotes judicial economy by avoiding protracted and piecemeal litigation.

As previously mentioned, the standard for evaluating a motion to supplement is the same standard that applies to a motion to amend. *See, e.g., Wang v. New York City Dep't of Youth & Cmty. Dev.*, 2024 WL 1174723, at *7 (S.D.N.Y. Mar. 19, 2024); *see also Albrecht v. Long Island R.R.,* 134 F.R.D. 40, 41 (S.D.N.Y. 1991).

<u>ARGUMENT</u>

<u>LEAVE TO AMEND</u>

A.  **The Proposed Amendments Are Timely and Not the Product of Bad Faith**

This motion follows the Court's previous order directing amendment and Plaintiff's receipt of pro bono counsel. Plaintiff seeks leave promptly after conferring with appointed counsel, and in direct response to arguments Defendants raised. If anything, any delay is the result of Plaintiff's detention and limited communication capabilities, not dilatory tactics.

Defendants' motion to dismiss (ECF No. 111) raised several pleading-stage objections. *See, e.g.,* ECF No. 111 at 11 (Plaintiff "fails to allege how [certain] individual defendants… were personally involved in violating his constitutional rights").The SAC addresses each and cures the claimed deficiencies, warranting liberal leave under the Federal Rules. To be sure, most of these amendments are in response to Defendant City's arguments about the lack of detail and information about each defendant's involvement.

B.  **The Proposed Amendments Are Not Futile**

Broadly, a court may deny leave to amend if the defendant can make a sufficient showing of prejudice, "prejudice alone is insufficient to justify a denial of leave to amend; rather, the necessary showing is "undue prejudice to the opposing party.'" *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (quoting *Foman*, 371 U.S. at 182) (cleaned up); *see Grimes v. Fremont Gen. Corp.,* 933 F. Supp. 2d 584, 597 (S.D.N.Y. 2013).

5

The SAC states plausible claims for retaliation, denial of medical care, excessive force, due process, among other things, under federal and state law. At a minimum, disputes over the sufficiency of a pleading are better resolved on a developed record after discovery. What's more the proposed amendments clarify existing claims, provide additional factual detail, and correct party identification issues (e.g., properly identifying "Captain Lemon" as "Keisha Lemon"). These changes enhance judicial efficiency.

C.   **The Proposed Amendments Will Not Prejudice Defendants**

Defendants will not suffer prejudice as the core claims remain unchanged. The amendments primarily provide additional factual detail and legal theories arising from the same operative facts. Further, amendment is justified because it clarifies the issues and adds necessary parties to the case, which are essential for a complete and fair resolution of Plaintiff's claims.

In the Second Circuit, prejudice is generally based on various considerations. That is, courts consider whether a new claim would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993) (citing, *inter alia*, *Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152, 1157-58 (2d Cir.1968)); *see, e.g., Alicea v. City of New York,* 2023 WL 3724131, at *3 (S.D.N.Y. May 30, 2023).

Here, there is no case-management schedule; no depositions have been taken; and the proposed amendments do not fundamentally alter the theory of the case. *Sacerdote v. N. Y. Univ.*, 9 F.4th 95, 114-15 (2d Cir. 2021). In other words, no discovery deadlines will be disrupted by the amendment, and Defendants will have a full and fair opportunity to respond.

6

**LEAVE TO FILE SUPPLEMENTAL ALLEGATIONS**

A.    **Supplemental Allegations Are Appropriate Under Rule 15(d)**

As previously mentioned, several allegations concern conduct that occurred after Plaintiff filed his prior complaint, including events in early 2023. Courts in this Circuit routinely grant leave to supplement where, as here, supplementation provides a complete record of ongoing violations. *See Ortiz v. Orange County,* 2024 WL 2798869, at *4-5 (S.D.N.Y. May 31, 2024).

Supplementation serves judicial economy by avoiding the need for separate litigation of related ongoing violations. "A supplemental pleading may . . . be used to add additional facts or events relating to liability or to change the relief requested." *Aktiebolag v. Andrx Pharms., Inc.*, 695 F. Supp. 2d 21, 30 (S.D.N.Y. 2020) (quoting 3 Moore's Federal Practice § 15.30 (3d ed. 2009)). However, a motion under Rule 15(d) can be denied when "the claim or defense asserted in the supplemental pleading [bears] little or no relationship to the original pleading." *Perry*, 2025 WL 2256888, at *2 (quoting 6A Wright & Miller's Federal Practice & Procedure § 1510 (3d ed. 2025)).

Here, the supplemental pleadings describe ongoing constitutional violations occurring after the original complaint was filed in March 2023, including:

- Continued retaliation and denial of medical care (May-June 2025)
- Ongoing interference with legal access and attorney-client communications
- Arbitrary facility transfers as punishment
- Failure to enforce separation orders
- Dangerous conditions at Harmony House

These allegations demonstrate a continuing pattern of constitutional violations directly related to the original claims. To be specific, the supplemental allegations describe events occurring in 2025—ongoing denials of medical care, retaliatory housing placements, and continued interference with access to counsel and the courts—while Plaintiff remained in DOC custody.

*See Griffin v. County School Bd. of Prince Edward County*, 377 U.S. 218, 226-27 (1964) (Rule 15(d) permits the proposed amended/supplemental complaint, which did not assert a new cause of action, but merely alleged new conduct supporting the existing cause of action).

Plaintiff's supplemental claims are "connected to the original pleading," and resolving them here advances judicial economy, avoids duplicative litigation, and preserves consistent remedies. *Kleeberg v. Eber*, 331 F.R.D. 302, 315 (S.D.N.Y. 2019). Altogether, thus, the supplemental allegations strengthen the original retaliation claims by showing ongoing violations, which supports both liability and damages theories as well as involve overlapping personnel and supervisory structures.

Not only that, but courts also routinely permit a unified pleading that both amends and supplements. Consolidating the operative facts into one complaint promotes clarity, prevents confusion over which pleading controls, and streamlines motion practice and discovery. It would be inefficient and unjust to require Plaintiff to file a separate lawsuit for these new events when they are so closely related to the existing claims.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the attached Second Amended Complaint, or SAC, and deem it the operative pleading.

Dated: September 8, 2025

                                             THE ATLANTIC FOUNDATION

                                             By: /s/ Sami Elamad
                                             450 Lexington Ave., Box 69
                                             New York, NY 10163
                                             (646) 685-3954
                                             sami@the-atlantic-foundation.org

                                             *Pro Bono Counsel for Plaintiff*