# The Atlantic Foundation

October 8, 2025

**VIA ECF**

The Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re:    *Thompson v. Lemon, et al.*, No. 23-cv-2102 (JPO)(KHP)

Dear Judge Parker:

     I write respectfully on behalf of Plaintiff Kwaine Thompson in response to Defendant City of New York's letter (ECF No. 147), which appears to consent to Plaintiff's Second Amended Complaint, ECF No. 146-1 ("SAC"), while simultaneously seeking an additional two months—until December—to move to dismiss.[1]

     Plaintiff objects for several reasons.

     *First*, the Court's August 20, 2025 order (ECF No. 143) directed Defendant to file opposition papers and nothing more in response to Plaintiff's motion to amend and supplement the complaint. Having now consented to the SAC, Defendants should proceed with pretrial management and discovery in the ordinary course. If they wish to move to dismiss, they must do so in accordance with the Court's Individual Rules and the Federal Rules.

     *Second*, the City's letter does not comply with Your Honor's Individual Rules. To the extent it is a request to file a Rule 12(b) motion, the Rules require defense counsel to ascertain whether Plaintiff "wishes to amend the subject pleading before motion practice" and to confer in good faith regarding a stipulation permitting amendment. § III(a). The City did neither. Nor did it make any meaningful attempt to meet and confer with Plaintiff's counsel regarding the proposed motion.

     Not only that, but the City has done this before—*i.e.,* filing an eleventh-hour adjournment request that likewise failed to confer with Plaintiff or his counsel. *See* ECF No. 32 at 1

---

[1] The only defendant to appear in this action is the City of New York through the Office of Corporation Counsel (ECF No. 32).

**Hon. Katharine Parker**
Oct. 8, 2025
Page 2 of 2

("Defendant City has not been able to obtain pro se plaintiff's position expeditiously prior to this request, as plaintiff is incarcerated"). If defense counsel could not promptly reach Mr. Thompson directly, the obvious next step was to contact undersigned pro bono counsel, who is in frequent communication with him

*Third*, on the merits, the City largely reprises arguments from its prior motion to dismiss. Since then, Plaintiff has substantially revised the pleadings, adding detail and identifying characteristics for individual defendants. If the City truly believes its arguments are dispositive, it should not require two months to present them.

Finally, the individual defendants should not continue litigating solely by proxy through the City absent proper appearances. Each individual defendant should enter an appearance through counsel (including, if applicable, the Office of the Corporation Counsel) and file a responsive pleading. The City should not purport to act on behalf of non-appearing individuals.

*   *   *

For the above reasons, Plaintiff respectfully asks the Court to: (1) deem the SAC filed; (2) deny the City's request for a two-month extension to move; (3) direct Defendants to answer the SAC (or, if a motion is permitted, set a standard, expedited briefing schedule consistent with the Court's Rules); and (4) require each individual defendant to promptly appear through counsel and respond to the SAC.

Thank you very much for Your Honor's consideration.

Respectfully,

/s/
Sami Elamad