UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KWAINE THOMPSON,<br><br>                              Plaintiff,<br><br>-against-<br><br><br>LEMON et al.,<br><br><br><br>                              Defendants. | 23-CV-2102 (JPO) (KHP)<br><br>**OPINION & ORDER ON MOTION TO AMEND THE COMPLAINT & BRIEFING AND SCHEDULING ORDER** |

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

Defendant City of New York filed its motion to dismiss on March 20, 2025. (ECF No. 110.) Since that time, Plaintiff, now represented by Mr. Sami Elamad for purposes of amending his complaint and responding to the motion to dismiss (ECF Nos. 24, 114), has moved to file a Second Amended Complaint (SAC). (ECF No. 144.)  Pursuant to the Court's scheduling order, on October 6, 2025, Defendant City filed a response to Plaintiff's motion to amend, indicating it "does not object to the proposed Second Amended Complaint." (ECF No. 147, at 2.) Accordingly, Plaintiff's motion to amend is hereby **granted**.  Plaintiff, through counsel, shall file the SAC within seven (7) days of the date of this Order.

The filing of the SAC, of course, will moot the prior motion to dismiss.  Thus, the Court **terminates as moot** the first motion to dismiss.

Defendant City's letter of non-opposition to the motion to amend also requested that the Court order a briefing schedule on an updated motion to dismiss based on the SAC.  Plaintiff filed an objection to the City's letter, raising four grounds: (1) Plaintiff requests that discovery and pretrial management proceed; (2) Plaintiff asserts the City's letter does not comport with

this Court's individual practices; (3) Plaintiff notes that the City "reprises arguments" from its prior motion to dismiss, despite the changes to the SAC; and (4) Plaintiff flags that the non-appearing defendants should enter an appearance.

Plaintiff's objections are noted, but the Court believes it is appropriate to permit the City to file an updated motion to dismiss. To that extent, the objections are overruled. However, the Court does not agree with the City's proposed timeline for filing its motion. Accordingly, the Court sets the date for the City to file a motion to dismiss as **November 10, 2025**. Opposition shall be due **December 17, 2025**. Any reply shall be due **January 7, 2026.** Discovery shall not be stayed during the pendency of the motion to dismiss.

Accordingly, the Court also schedules a telephonic initial case management conference for **January 5, 2026, at 12:00 p.m.** It is therefore **ORDERED** that the Warden or other official in charge of the O.B.C.C. produce plaintiff **KWAINE THOMPSON, NYSID: 07289661Q, B&C: 8252500281, on January 5, 2026, no later than 12:00 p.m.**, to a suitable location in the Facility for the purpose of participating by telephone in the conference. If the scheduled time and date presents a hardship, the Warden or Warden's designee should promptly inform chambers at (212) 805-0234.

The City's counsel shall send this Order to the Warden immediately. At the time of the conference, Defendants' counsel shall call **+1 646-453-4442, 623585807#**, with the plaintiff on the line. Plaintiff is directed to serve this order upon all defendants.

**The Clerk of Court is requested to mail a copy of this order to the Plaintiff.** The Clerk is also respectfully directed to terminate the motions at ECF Nos. 110 and 144.

Dated: October 10, 2025
      New York, New York

SO ORDERED.

_____
KATHARINE H. PARKER
United States Magistrate Judge