# The Atlantic Foundation

January 21, 2026

**BY ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *Thompson v. Lemon, et al.*, No. 23-cv-2102 (JPO)(KHP)

Dear Judge Oetken:

    I write on behalf of Plaintiff Kwaine Thompson to respectfully submit this letter as a limited sur-reply in response to the Reply (ECF No. 166) filed by Defendant City of New York in support of its motion to dismiss (ECF No. 157) ("MTD"). This letter is limited to arguments that the City raises for the first time, and Plaintiff otherwise relies on his opposition papers (ECF Nos. 160, 161) and the operative complaint (ECF No. 151) ("SAC").

    Fundamentally, the Federal Rules are not as demanding as the City tries to suggest. Applying *Iqbal* and *Twombly*, the Rules principally require fair notice to defendants. Plaintiff, as master of his complaint, has provided more than sufficient notice here. *See* Charles A. Wright & Arthur R. Miller, 5 Fed. Prac. & Proc. Civ. § 1216 (4th ed.) (a complaint "need not state with precision all of the elements that are necessary to give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided").

    With the exception of the new points addressed below, the City's reply largely repackages arguments from its opening brief. *See, e.g.,* MTD at 7-8 (alleged violations of April 29 order); Reply at 3-4 (same).

    *First,* the reply repeatedly asserts that various claims are deemed "abandoned" or "conceded" because Plaintiff's opposition papers did not respond to every point in the City's motion. *See, e.g.,* Reply at 20, 23. That is incorrect. Nothing in the Federal Rules requires a plaintiff to respond point-by-point to preserve properly pleaded claims. Plaintiff's opposition was extensive (48 pages), and the SAC itself is detailed (40 pages). Plaintiff also addressed defendants' conduct with specificity, including by discussing defendants' roles and conduct in a

**Judge Oetken**
Jan. 21, 26
Page 2 of 2

defendant-by-defendant manner, for example. *See* Opp. at 44. In any event, the City, as the movant, bears the burden of establishing that dismissal is warranted as to each claim and defendant. The City has not carried that burden here, and the Court should reject its attempt to elevate form over substance.

  *Second*, with respect to *Monell* liability, the City now suggests that Plaintiff's theories are new and outside the pleadings and urges the Court to disregard portions of the opposition on that basis. The Court should reject such efforts. The opposition's citations are largely grounded in what is already pleaded in the SAC, including the SAC's express references to public reporting and litigation history. *Compare* SAC ¶ 61 n.3 *with* ECF No. 161-10 (same article). Moreover, at the motion to dismiss stage, the Court may consider materials incorporated by reference or integral to the complaint, and it may take judicial notice of matters of public record, including judicial proceedings in state and federal courts. *See, e.g., Network Apps, LLC v. AT&T MOBILITY LLC*, 778 F. Supp. 3d 610, 619-20 (S.D.N.Y. 2025).

  Finally, *third,* the reply makes a new request that the Court deny Plaintiff leave to amend, citing new authority and framing amendment as Plaintiff's "fourth opportunity." *See* Reply at 24-25. This new request for relief, raised for the first time on reply, may be disregarded on that basis alone. Still, it runs counter to well-established preference toward leave to amend/replead versus dismissal because the Federal Rules prefer resolving a case on the merits, not based on technicalities. *See generally* Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1217. To the extent the Court identifies any deficiencies in the SAC, the appropriate remedy is leave to replead or amend, and Plaintiff respectfully requests leave to amend to the extent the Court deems it necessary.

  Thank you very much for the Court's consideration.

            Respectfully,

            /s/ *Sami Elamad*

cc:  Counsel of record (via ECF)
   Kwaine Thompson (by first-class mail)