# The Atlantic Foundation

January 29, 2026

**BY ECF**

The Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Thompson v. Lemon, et al.*, S.D.N.Y. No. 23-cv-2102 (JPO) (KHP)

Dear Judge Parker:

      I write respectfully in opposition to Defendant City of New York's January 27, 2026 letter motion (ECF No. 170), which seeks a protective order staying discovery pending resolution of the City's motion to dismiss, and also seeks to adjourn the upcoming case management conference scheduled for February 4. The City's application is defective both procedurally and on the merits, and for the reasons explained herein, should be denied.

      As an initial matter, this is now the third time the City has waited until the eve of a hearing or deadline to request relief from the Court while simultaneously claiming it "was unable to obtain" Plaintiff's position.[1] That refrain would be more credible if the City had taken the obvious step of reaching out to undersigned counsel when it could not reach Mr. Thompson. The City knows exactly how to do so and has been put on notice of that, when Mr. Thompson is unreachable, undersigned counsel is the logical next step. *See* ECF No. 148 at 2. Instead, the City again bypassed Plaintiff's counsel and filed first. This time, that choice is especially striking because undersigned counsel and defense counsel were in communication—including on the very day the City filed its request (Ex. 1 at 1)—yet the City said nothing about a stay request and then represented to the Court that it could not obtain Plaintiff's position. That is not a good faith meet and confer, nor is it what Rule 26(c) contemplates when a party asks the Court to stay discovery.

      Worse still, the City's letter goes further and inaccurately suggests that Plaintiff (or his counsel) does not object to the requested stay. ECF No. 170 at 4 & n.1. That is misleading and wrong. And to the extent the City attempts to justify its failure to confer by invoking "uncertainty" about counsel's limited appearance, that explanation is contradicted by the record

---

[1] *See, e.g.,* ECF No. 32 at 1 & n.1 (City stating it "has not been able to obtain pro se plaintiff's position"); ECF No. 170 at 4 & n.1 (same); *see also* ECF No. 147 at 2 (City seeking additional time related to its anticipated motion practice in similar posture).

of counsel's communications. *See* Ex. 1 at 1-2; *see also* ECF No. 148 at 2. In short, the City's deliberate choice not to confer is one thing, but its effort to leverage that choice into an incomplete and misleading presentation of Plaintiff's position is another.[2]

Procedurally, the City's application should be denied on that basis alone. The City made no genuine effort to discuss whether a stay was necessary, whether narrower relief could be tailored, or whether any common ground existed. *See* Fed. R. Civ. P. 26(c)(1) (requiring certification that the movant "has in good faith conferred or attempted to confer" to resolve the dispute without court action); Local Civ. R. 37.2. The Court can, and should, deny the request and direct the parties to confer in good faith regarding discovery sequencing or reasonable limits, particularly given that the City has long been on notice of Plaintiff's contemplated discovery and already in possession of proposed preservation categories and document requests. *See* Exs. 2, 3.

On the merits, the City does not do any better. Without much of an explanation, it concludes a stay is necessary because (1) "it is entirely unclear what the proper scope of this litigation is"; (2) "many of Plaintiff's claims are completely unmeritorious" and (3) "plaintiff brings a completely unsupported, insufficient, and conclusory *Monell* claim." See ECF No. 170 at 3. To say the very least, Defendant's proffered reasoning is presumptuous and without much to back it up other than bold and bald assertions. It is far from clear why discovery should not proceed, especially at least the beginning stages to identify witnesses and produce documents.

I. **Applicable Standards**

Federal Rule of Civil Procedure 26(c) authorizes a district court to stay discovery for good cause. *See, e.g., Del Mar TIC I, LLC v. Bancorp Bank*, No. 23-cv-08999 (JLR), 2024 WL 1348501, at *1 (S.D.N.Y. Mar. 29, 2024). "The moving party bears the burden of demonstrating good cause under [Rule] 26(c)." *Ema Fin., LLC v. Vystar Corp.,* 336 F.R.D. 75, 79 (S.D.N.Y. 2020).

"Where, as here, 'a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay.'" *Cooper v. Off. of Comm'r of Baseball*, No. 24-CV-3118 (VSB), 2025 WL 419335, at *1 (S.D.N.Y. Jan. 9, 2025) (cleaned up) (citation omitted); *see also Republic of Turkey v. Christie's, Inc.,* 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018).

Importantly, "[h]owever, the filing of a motion to dismiss does not itself constitute good cause," *id.,* and a stay of discovery remains within the discretion of the court, *see Kaplan v. Lebanese Canadian Bank, SAL*, 610 F. Supp. 3d 533, 534 (S.D.N.Y. 2022). See also *Ema Fin.,* 336 F.R.D. at 79 (same); *Moran v. Flaherty,* 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992) (same).

---

[2] *Compare* ECF 170 at 4, n.1 ("Mr. Elamad confirmed to [defense counsel] that he did not represent Plaintiff") *with* Exh. 1 at 1 ("I have not made a final decision… [but] you should assume that I represent Mr. Thompson").

"Instead, a court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Dance Theatre of Harlem, Inc. v. ChromaDiverse, Inc.*, 2025 WL 2102297, at *2 (S.D.N.Y. July 26, 2025) (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)).

## II.   Strong Showing on the Merits

In assessing the strength of a pending motion to dismiss for purposes of a stay, courts consider whether the motion presents "substantial grounds" for dismissal or whether the movant has made a "strong showing" of likely success. *See, e.g., Bensmaine v. City of New York*, No. 21-CV-04816 (LJL), 2022 WL 3362188, at *1 (S.D.N.Y. Aug. 15, 2022).

Here, City does not come close to meeting that standard. Its letter offers little more than alarmist rhetoric about the supposed "uncertainty" of the case and the conclusory flaws of Plaintiff's claims. ECF No. 170 at 3. That is exactly the sort of "jump the queue" argument that courts reject, because a stay motion is not a vehicle to obtain an early ruling on a motion to dismiss simply because the movant has filed one. *See, e.g., The Nielsen Co (US) LLC v. TVSquared Ltd.*, 2023 WL 436005, at *1 (quoting *Cambridge Cap. LLC v. Ruby Has LLC*, No. 20-CV-11118 (LJL), 2021 WL 2413320, at *2 (S.D.N.Y. June 10, 2021)).

Moreover, this case is also not one where the merits are so one-sided that discovery should be stayed. Courts recognize that when both sides can make strong arguments, as here, a stay is less appropriate. *Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182, 186 (S.D.N.Y. 2025) (quoting *Guiffre v. Maxwell*, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016)). Here, the motion to dismiss has been extensively briefed and remains pending before the Court.

Even if the Court were to dismiss some portion of the operative complaint, the case would still proceed on surviving claims, or Plaintiff would seek leave to amend, meaning discovery would not be avoided in any meaningful sense. *See id.* ("it is inevitable that some discovery may be obtained from [them] regardless of the outcome")*; Cooper*, 2025 WL 419335, at *2 (noting that defendants "will still need to litigate" even if some claims are dismissed.

## III.   Breadth and Burden of Discovery

"The breadth and burden of discovery are two related factors the Court should consider." *Richardson v. City of New York*, 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022) (cleaned up) (quoting *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 WL 101277, at *3 (S.D.N.Y. Mar. 7, 1996)).

The City's claimed burden is largely self-created and overstated. It invokes the specter of "34 depositions," as if a pro se plaintiff or his pro bono counsel were poised to commence sweeping deposition practice immediately. ECF No. 170 at 3. That is not Plaintiff's plan, nor has it ever been. Had the City conferred, it would know that Plaintiff has no intention of noticing depositions for the next six months at the very least. Preliminarily, Plaintiff's discovery plan is to

**Hon. Katharine Parker**
Jan. 29, 26
Page 4 of 4

begin with targeted written discovery, including interrogatories to identify key witnesses, custodians, and sources of evidence, and then proceed in an orderly sequence through limited document requests and any necessary inspections. Plaintiff also provided proposed document requests and preservation categories months ago. Ex. 2 at 2–3; Ex. 3 at 2–5.

The City's "floodgates" framing is thus nothing more than a strawman type argument that courts soundly reject. *See, e.g., Wellington v. City of New York*, No. 1:24-CV-08743 (JLR), 2025 WL 2720818, at *1 (S.D.N.Y. Sept. 24, 2025) (rejecting "waste of the Court's and the litigants' resources" line of reasoning). In any event, the proper response to a future discovery dispute is not to shut discovery down altogether. Rather, if the City believes a request is objectionable, it can meet and confer and, if necessary, seek targeted relief from the court. *See Brawer*, 348 F.R.D. at 186 & n.3 (noting that even where some discovery may be inappropriate, the defendant may seek appropriate relief from the court following conferral).

## IV. Risk of Unfair Prejudice

Finally, a stay would also prejudice Plaintiff. This case has already been pending for a significant period. Further delay increases the risk that witnesses become unavailable, memories fade, and evidence becomes harder to locate. Not only that, Plaintiff long ago raised his concerns about Defendant's compliance and future conduct in discovery in this litigation.

At a minimum, if the Court is inclined to consider any limitation, the appropriate course is to allow discovery to proceed in a measured way, such as permitting initial written discovery and preservation-related disclosures while deferring depositions, rather than halting the case entirely. *See, e.g., Tsinberg v. City of New York*, 2020 WL 6807677, at *1-2 (S.D.N.Y. Nov. 19, 2020) (allowing limited discovery pending a ruling on the motion).

*             *             *

For the foregoing reasons, the Court should deny the stay request and proceed with the February 4 conference as planned.

Thank you very much. I sincerely appreciate the Court's time.

Very truly yours,

*/s/ Sami Elamad*

Attachments/Exhibits
1. E-mail exchange with Gregory Accarino, dated Jan. 27, 2026
2. Preservation Notice/Letter from Sami Elamad, dated July 1, 2025
3. Supplemental Preservation Notice, dated Nov. 13, 2025