UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KWAINE THOMPSON,<br><br>                              Plaintiff,<br><br>-against-<br><br><br>LEMON et al.,<br><br><br>                              Defendants. | 23-CV-2102 (JPO) (KHP)<br><br>**OPINION & ORDER ON MOTION TO STAY DISCOVERY** |

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

Defendants filed a motion to stay discovery in this case. (ECF No. 170.) Plaintiff has opposed, arguing they fail to meet the elements for a stay of discovery. (ECF No. 171.) The Court **grants** the stay of discovery for the following reasons.

"A court may, on a showing of good cause, stay discovery during the pendency of a motion to dismiss." *Del Mar TIC I, LLC v. Bancorp Bank*, No. 23-cv-8999 (JLR), 2024 WL 1348501, at *1 (S.D.N.Y. 2024). But filing a motion to dismiss is not, by itself, good cause for a discovery stay, and courts have "considerable discretion" when making a determination on a request for a stay pending the motion. *Id.* (citing *Kaplan v. Lebanese Canadian Bank, SAL*, 610 F. Supp. 3d 533, 534 (S.D.N.Y. 2022)). Courts consider multiple factors when deciding whether to grant such motions, such as the breadth of discovery, the burden of responding to it, any prejudice which may result to the party opposing the stay, and the strength of the pending motion. *Id.* (citing *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)).

Here, discovery will be extremely broad given the breadth of the allegations, which include multiple claims against a variety of defendants who worked at multiple facilities on

Rikers Island, where Plaintiff was detained. The Second Amended Complaint contains seventeen causes of action asserted under state and federal law against more than thirty named defendants. Thus, both the breadth of discovery and the burden of responding to it will be extremely high.

Furthermore, there is limited prejudice to the Plaintiff, who opposes the stay. Plaintiff does not address the fact that he sent preservation notices to the Defendants and only mentions that the case has been long pending and the general difficulties of delays in the case. Certainly, the Defendants must preserve documents connected to this litigation and may face sanctions if they fail to do so, and the Court does not want delays. But the sprawling and all-inclusive allegations of so many causes of action against so many defendants heightens the breadth and the burden of the discovery. And given that Defendants have raised grounds to dismiss multiple claims and defendants on the theory that Plaintiff has group-pleaded some or all of his claims and failed to allege any specific misconduct against a number of individual defendants, Defendants have made a strong showing that their motion will be at least partially successful. A review of the SAC suggests that these arguments may be well founded. Thus, the factors weigh in favor of staying discovery.

Plaintiff's arguments to the contrary are unavailing. The Court does not view the Defendants' motion to stay discovery as "jumping the queue" to get a favorable prejudgment on the motion to dismiss. *See, e.g.*, *The Nielsen Co (US) LLC v. TVSquared Ltd.*, No. 23-cv-1581, 2023 WL 4363005, at *1 (S.D.N.Y. July 6, 2023). Indeed, the undersigned cannot prejudge the merits in full because I am not referred to write a report and recommendation on that motion. Rather, the Court views the City as a Defendant with logical limits on its resources and with

sincere hopes that its motion will at least trim the case to a more manageable form.  Thus, the Court's conclusion stands that at least some of the arguments Defendants raise on the motion are quite strong, and defendants who may not ultimately need to litigate would be burdened by discovery.

Nor has Plaintiff shown that the breadth and burden arguments Defendants raise are improper.  His citation to *Wellington v. City of New York*, No. 24-cv-8743 (JLR), 2025 WL 2720818, at *1 (S.D.N.Y. Sept. 24, 2025), does not aid him.  There, the parties failed to "shed light on the breadth or burden of discovery on Defendants." *Id.*  Rather, the Defendants made conclusory allegations regarding the breadth and burden of discovery. *See id.*  Here, the City has specifically identified multiple ways in which the burden of discovery is abnormally high in this case, involving an unusually large factual record and the potential for more than thirty party depositions.  And while Plaintiff may not want to take thirty-four depositions, Plaintiff will still need records involving the conduct of thirty-four defendants, which will result in expansive document review and searches.

Finally, the Court declines to allow partial discovery to proceed.  Plaintiff's cited case, *Tsinberg v. City of New York*, is inapposite. No. 20-cv-749 (PAE) (SLC), 2020 WL 6807677, at *1 (S.D.N.Y. Nov. 19, 2020).  There, the parties agreed to engage in limited discovery. *Id.*  Here, there is no such agreement.  Thus, the stay will be complete.  The Court reiterates that the litigation remains pending for the time being, so litigation holds and preservation notices remain in effect.

Accordingly, the motion to stay discovery is **GRANTED**.  In view of the stay, the case management conference scheduled for February 4, 2026, is hereby adjourned *sine die*.  Seven

days after the motion to dismiss is decided, if any claims survive, the parties shall file a joint status update.

**The Clerk of Court is requested to mail a copy of this order to the Plaintiff.**  The Clerk is also respectfully directed to terminate the motions at ECF No. 170.

Dated: January 30, 2026
New York, New York

SO ORDERED.

_____
KATHARINE H. PARKER
United States Magistrate Judge